*Cates* and *Wheat* for plaintiffs.

<div style="text-align:right">

COMMERCIALB'K
ORLEANS
*vs*
NEWPORT MANU-
FACTURING CO.
&c. &c.

</div>

---

## Commercial Bank of New Orleans *vs* Newport Manufacturing Company.

The Scioto Bank *vs* The Same.

The La Fayette Bank of Cincinnati *vs* The Same, (two cases.)

ERROR TO THE CAMPBELL CIRCUIT.

*Corporations.    Averment.    Judicial Notice.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

<div style="text-align:right">

PET. & SUM.
& DEBT.

Case 5.

October 15.

</div>

FOUR several writs of error bring up for revision as many different judgments sustaining a demurrer to a declaration in debt, in the name of "*The Commercial Bank of New Orleans*" against "*The Newport Manufacturing Company,*" on four promissory notes for large sums of money, and also several demurrers to three petitions against the same defendants, one of which was brought in the name of "*The Commercial Bank of Scioto,*" and the other two in the name of "*The President, Directors and Company of the La Fayette Bank of Cincinnati,*" on the like notes for other large sums.

All the notes purport to have been executed in substantially the same manner, which may be sufficiently exemplified by the following transcript of one of them.

"18 Months."          "*Newport, Ky. 11th Septr.* 1837.

"$6779 44–100.

"*The Newport Manufacturing Company*, promise to "pay to the order of *Doct. John W. King*, sixty seven "hundred and seventy nine and 44–100 dollars, in eigh-"teen months after date, at the Commercial Bank of "*New Orleans*, value received.

"*John W. Tibbatts, Treasurer.*"

COMMERCIALB'K
ORLEANS
vs
NEWPORT MANU-
FACTURING CO.
&c. &c.

The declaration, after describing " *The Commercial Bank of New Orleans*" as " a body Corporate, constituted by the State of Louisiana," avers that " *The Newport Manufacturing Company,*" "by her certain writing, executed by *John W. Tibbatts,* her *Treasurer,* promised to pay," &c. And in this action, the only question deemed worthy of serious consideration is, whether upon demurrer, such an averment is sufficient to show *prima facie,* that such a writing is obligatory as the note of the Company.

Courts here know the Statutes establishing private corporations.

According to the case of *Halbert* vs *Skyles,* (1st A. K. Marshall, 368,) it was the duty of the Circuit Judge to take Judicial notice of the legislative act, incorporating " *The Newport Manufacturing Company.*"

Power of Corporations to deal on credit; and how bind themselves.

This act of incorporation authorizes the Company to purchase real estate, hemp, &c. and to do whatsoever may be proper for effectuating those powers and promoting the legitimate ends of its being—consequently, it had the implied power to deal on credit, and even to borrow money, within the sphere of its prescribed business, and of course, the incidental resulting authority to bind itself by the usual evidences of credit—bills and promissory notes.

Averment that the Corporation by its Treasurer did bind themselves, is sufficient.

The averment, that by its note, executed by its treasurer, the corporation promised to pay, imports that in executing the note the treasurer acted as its authorized agent; and the style of this written memorial of a contract, shows that the obligation is that of the corporation and not of Tibbatts, its agent, if according to the principles of the common law, a promissory note thus executed can be legally obligatory on such a party. And that a statutory corporation may, without express authority in its charter, become legally bound as a party to an unsealed contract in writing, made by its authorized agent, we have no doubt. In our judgment, the principles recognized in the case of *The Bank of Columbia* vs *Patterson's Admr.* (7th Cranch, 299—2nd Condensed Reports, 501.) *Waller* vs *The Bank of Kentucky,* (3rd J. J. Marshall, 201.) And *Garrison et al.* vs *Combs,* (7th Ib. 85,) sufficiently settle this question. In the last of these cases this court decided that a promissory note given to a corporation,

Corporations may bind themselves by unsealed instruments executed by their agents.

might be assigned by its agent without the corporate seal so as to pass the legal right of action to the assignee. And that case and this seem to be perfectly parrallel in principle.

We are therefore of the opinion that, admitting the declaration to be true, the writings described in it are binding on *The Newport Manufacturing Company*, as its own promissory notes.

In addition to the objection we have considered as the only one applicable to the declaration, other exceptions have been also taken in argument to the three petitions— and that is, 1st, that in these cases it does not appear that the plaintiffs are legalized bodies, corporate, having authority to sue as artificial persons, in the names assumed— and 2nd, that there is no averment that the treasurer had authority, as agent, to execute the notes.

It is true that the petitions, written according to a peculiarly summary and comprehensive form, prescribed by statute, do not contain any specific averment of either of the facts assumed in these objections as essential. Nevertheless, both objections may be insufficient when tested by the practical construction of the statutory remedy so framed as to dispense with the precision required in the common law declarations.

The first objection, if made to a declaration, would not in our opinion, be available on demurrer. Although we may know judicially, that neither of the plaintiffs, as described in the petitions, has ever been incorporated by this State, yet we may be presumed to have the like knowledge of the fact that they are all, as to Kentucky, extraterritorial, and the style of each of them indicates an incorporated character, and therefore, according to the case of the *Dutch East India Company*, reported in *2nd Lord Raymond*, 1534, and the principle of which we approve, all these plaintiffs should *prima facie*, be deemed foreign corporations, possessing as such, authority to sue in the courts of this State.

The 2nd objection seems to be more formidable. But we are of the opinion that this too, should be unavailing on demurrer.

*Margin notes:*

COMMERCIALB'K ORLEANS
*vs*
NEWPORT MANUFACTURING Co.
&c. &c.

Objections to petitions.

Courtsmayknow by the name of plaintiffs that they are extraterritorial, and are incorporations, and will thereon sustain their actions.

Statement in the Petition "that plaintiff holds the note of defendant," a corporation, which set out, imports a promise, and is found signed "J. W. T., Treasurer" is an averment that it made the note.</div>

Each petition, conformably with the statutory form, states that the plaintiff *holds a note* (copying it) *on the Newport Manufacturing Company*, and this comprehensive allegation—as in other cases of petition on notes—imports every fact *(consistent with the tenor of the writing,)* that is necessary to show that the note is genuine, and binding "*on*" the defendant. As then, each note purports to be the note of the corporation, executed by its treasurer, and could not be obligatory on the corporation unless the treasurer had authority to execute it for his constituent, such authorized agency seems to be implied in the general allegation that it is *the note of the Corporation*—there being nothing, either in the style of the note or in the apparent manner of its execution, or in the law, inconsistent with such a deduction.

<div style="margin-left:note">What demurrer admits.</div>

As therefore, the demurrer admitted all that was alleged, and every allowable and proper deduction therefrom, it seems to us, that considering the objects and judicial construction of the summary remedy by petition, all the petitions we are considering should be deemed substantially good on the demurrers to them.

Wherefore it is considered by this court that the Circuit Judge erred in sustaining the demurrer to the declaration, and also in not overruling the demurrers to each of the petitions—and therefore, each of these judgments must be reversed and the four cases remanded with instructions to overrule the demurrer in each of them.

*C. S. Morehead* for plaintiffs : *Owsley* for defendants.

