## WYCKOFF *vs.* REMSEN and others.

The acknowledgment of a mortgage is presumptive evidence of the execution and delivery of the mortgage, at or before the date of such acknowledgment. But such presumptive evidence may be rebutted by proof that the mortgage actually remained in the possession and under the control of the mortgagor subsequent to that time.

A mortgage which is executed and delivered to the mortgagee, previous to a general assignment, by the mortgagor, of all his property for the benefit of his creditors, is entitled to a preference, although the assignment is first recorded.

Whether a subsequent recording of the mortgage, in such a case, is constructive notice to a bona fide purchaser of the premises, from the assignees, who had no actual notice of the mortgage at the time he obtained his deed from them? *Quære.*

THIS was an appeal from a decree of the late assistant vice chancellor of the first circuit, dismissing the complainant's bill.

*J. A. Lott,* for the appellant.

*S. F. Clarkson,* for the respondents.

THE CHANCELLOR.    The mortgage in this case, if in fact *executed and delivered* before the general assignment of the mortgagor, for the benefit of his creditors, would be entitled to a preference as between the complainant and the assignees; although the assignment to them was recorded before the recording of the mortgage.   But if the mortgage was not in fact executed and delivered to the mortgagee, or to some one for his use, previous to such assignment, the assignees are entitled to a preference; although the mortgage was dated and acknowledged before the execution of the deed of assignment.   The acknowledgment of the execution of the mortgage, before the date of the assignment of the mortgaged premises, for the benefit of creditors, was presumptive evidence of the actual delivery of such mortgage to the mortgagee, or to some one for his benefit, before the assignment; so as to make the mortgage a valid incumbrance upon the premises in the hands of the assignees.   But such presumption might be rebutted by evidence that Remsen retained possession of the

Wyckoff v. Remsen.

mortgage until after the execution and delivery of the assignment. And I think there was sufficient in this case to rebut the presumption that the mortgage was delivered by Remsen, to the mortgagee, before the assignment.

Neither party has thought proper to examine the mortgagor or the mortgagee, or the commissioner before whom the mortgage was acknowledged, and who was also the subscribing witness to the mortgage, to ascertain the fact as to the time of the actual delivery of the mortgage; or to explain why the mortgage was given in the name of Seymour, if the only object of it was to secure a debt due to Wyckoff. It appears by the testimony, however, that the mortgage was in the hands of Remsen, the mortgagor, long after the date of the deed to the assignees; and that it was sent by him to Wyckoff after an assignment thereof had been procured from Seymour. These circumstances, with the form of the assignment, and the hesitation of Wyckoff to insist upon the validity of the mortgage at the interview at Clarkson's office, lead me to conclude that the mortgage was made out in the name of Seymour and was retained by the mortgagor himself until the time when he put it on record; the 17th of December, 1836. If so, it was not a valid mortgage at the time of the assignment of the mortgaged premises for the benefit of the general creditors; and that assignment having been first recorded, was entitled to a preference.

From this view of the subject it is not necessary to examine the question whether the subsequent recording of the mortgage was constructive notice to the respondent, who claimed through the deed of assignment which had been recorded previously. Nor is it necessary to inquire whether the admission, in the answer, of notice of the existence of the mortgage before the respondent obtained his deed, is not to be taken, as a pleading, in connection with the other fact stated in the answer, that the appellant abandoned all claim under the mortgage, and that the respondent completed his purchase in consequence of such abandonment.

The order appealed from must be affirmed, with costs.