NEW YORK PRACTICE REPORTS. 509

Mechanics' Banking Co. agt. N. Y. & Saugerties Lead Co.

## SUPREME COURT.

THE MECHANICS' BANKING ASSOCIATION agt. THE NEW YORK
AND SAUGERTIES WHITE LEAD COMPANY, impleaded with
THE SPRING VALLEY SHOT AND LEAD COMPANY.

A party who discounts a negotiable promissory note indorsed by the payee who is a
*corporation,* under circumstances inducing a belief that it is a *business note,*
can recover the amount of the note as a *bona fide* owner and holder for value,
although in truth, the note was a mere *accommodation* note, and the *indorse-
ment* of the corporation consequently unauthorized. (BONNEY, J., *dissenting.*)

*New York General Term, November,* 1860.

SUTHERLAND, BONNEY and HOGEBOOM, *Justices.*

APPEAL from judgment in favor of plaintiff against de-
fendants. The plaintiff sued to recover the amount of a
promissory note, drawn by James B. Townsend and dated
the 19th day of March, 1855, for the sum of $1,250, pay-
able seventy-five days after date to the order of the New
York and Saugerties White Lead Company, and indorsed
by them and the other defendant, and discounted by the
plaintiffs in good faith before maturity and for value. The
note was discounted at the instance of the last named
defendant who received the proceeds in whole or in part,
the evidence being conflicting, whether the White Lead Co.
did or did not receive a part of the proceeds. The cause
was tried before Mr. Justice SMITH, without a jury, in
October, 1858, and he directed judgment for the plaintiff.
The White Lead Company appealed to this court.

CHARLES E. MILLER, *for plaintiff.*
R. H. BOWNE, *for defendant.*

HOGEBOOM, Justice. I think this judgment must be
affirmed, for the reasons stated in the opinion of the learned
justice who tried this cause. The authority of McCullough

to sign and indorse notes for the White Lead Company, is sufficiently established. Townsend was an accommodation maker of the note. The evidence leaves it doubtful whether the New York and Saugerties White Lead Company was an accommodation or business indorser of the note, and the learned judge has not explicitly found that fact. But assuming that it was only an accommodation indorser, it appears that the note was a negotiable instrument, in the ordinary form of commercial paper, indorsed by corporations having authority in their ligitimate business to indorse commercial paper, discounted by the plaintiffs in good faith and for value before maturity, with no facts before them to induce a suspicion that the paper was not business paper, and having no knowledge that it was otherwise. The circumstances were such as to lead to the presumption that it was business paper, and the sole question is, whether the plaintiffs were bound explicitly to inquire and ascertain whether the indorsement of the White Lead Company was a mere accommodation indorsement, in which case, they, as a corporation, would have no right to make the same. I think under the circumstances of this case, the plaintiffs were not required to institute such an investigation, and absolutely to ascertain the fact, and therefore that the judgment should be affirmed. The cases bearing on this point are *The Farmers' and Mechanics' Bank of Kent* agt. *The Butchers' and Drovers' Bank*, (16 *N. Y. Rep.*, 129, 131, 132, 135); *The Bank of Genesee* agt. *The Patchin Bank*, (13 *N. Y. Rep.*, 315); *Stoney* agt. *Am. Life Ins. Co.*, (11 *Paige*, 565; *Safford* agt. *Van Wyck*, (4 *Hill*, 442); *and other cases there cited.*

SUTHERLAND, J., concurred.

BONNEY, J., dissented.