Decided 28 October, 1901.

## READE v. PACIFIC SUPPLY ASSOCIATION.

[66 Pac. 443.]

CONSTRUCTION OF PLEADINGS AND FINDINGS.

1. An answer in an action on a note alleged that it was made by the president and secretary of defendant corporation as a renewal note to take up one previously given to plaintiff's assignor in payment of their personal indebtedness arising out of the purchase of a patent right, which was not within defendant's objects and purposes; that defendant's board of directors never authorized or ratified the execution of either of said notes; that defendant received no benefit therefrom; and that plaintiff took the notes with knowledge of these defenses. *Held,* that a finding that the defendant's president and secretary had authority to execute and deliver the note covered the material issue presented.

CONSTRUCTION OF FINDINGS.

2. Where the pleadings in an action on a note admit that the persons who executed it were the defendant corporation's president and secretary, and that they signed the note as such, a finding that they had authority therefor is not a conclusion of law as to what they might do under the power delegated, but a finding of the fact of their authority.

IMMATERIAL FINDINGS—HARMLESS ERROR.

3. In an action on a note against a corporation, a finding that the president, one of the persons who executed the note, was the owner of the majority of the stock of the corporation, though outside the issues, is not prejudicial to the defendant, where the judgment is supported by proper findings.

NECESSITY OF FINDINGS ON INTERMEDIATE MATTERS.

4.  It is sometimes necessary to pass on several subordinate and intermediate facts in reaching a conclusion as to an ultimate fact, but ordinarily it will be sufficient to make a finding on the latter, if further findings are wanted they should be asked for.  This is, of course, subject to the rule that findings are imperatively necessary on all material issues.

From Multnomah: ALFRED F. SEARS, JR., Judge.

Action by E. T. Reade against the Pacific Coast Home Supply Association to recover the sum of $500 on a promissory note alleged to have been executed by the defendant, a private corporation, with interest from November 3, 1898, at the rate of ten per cent per annum, and the sum of $50 as attorney's fees.  The answer denies that the defendant made or delivered said note, or that $50, or any other sum, is reasonable as an attorney's fee, and contains the following averment: ''And for a further and separate answer to the complaint herein defendant alleges that on or about the —— day of September, 1898, at Portland, Oregon, J. R. Greenfield and M. G. A. Du Buisson purchased from the Pacific Drill Chuck Company, a corporation, of Watsonville, Santa Cruz County, State of California, a certain patent right; that as part payment upon the said patent right by them purchased the said Greenfield and Du Buisson made and delivered to the said Pacific Drill Chuck Company, a corporation, a certain pretended promissory note of the defendant corporation herein for the sum of five hundred ($500) dollars; that the making and delivery of the said promissory note were not authorized by the board of directors of the said defendant corporation, and were without consideration moving to the defendant corporation; that the said pretended promissory note was made and delivered by the said Greenfield and Du Buisson, who were then the president and secretary of the defendant corporation, in payment of their own private debt and obligation, as the said Pacific Drill Chuck Company at said time well knew; that thereafter, to wit, on or about the —— day of October, 1898, the said Pacific Drill Chuck Company transferred and delivered the said promissory note to the plaintiff herein; that the plaintiff gave

no consideration therefor, and took the same with full knowledge that it had been made and delivered by the said Greenfield and Du Buisson in payment of their own debt and obligation, and as a payment of the purchase price of the said patent right by them purchased, and with the full knowledge that the making and delivery of said pretended promissory note on behalf of the defendant corporation had not been authorized by the directors of the said defendant corporation, and that the defendant corporation had received nothing therefor; that thereafter, to wit, on the third day of November, 1898, the said J. R. Greenfield, the president of the defendant corporation, and the said M. G. A. Du Buisson, the secretary of the defendant corporation, made and delivered to the plaintiff herein the said pretended promissory note of the defendant herein, set out in the complaint, and sued on in this action, in exchange for and to take up the said prior pretended promissory note of the defendant hereinabove described; that the making and delivery of the said pretended promissory note in the complaint set out was never authorized by or ratified by the board of directors of the defendant corporation; that the defendant, as the plaintiff well knew at the time of taking the same, received no consideration therefor, and no benefit therefrom, and that the plaintiff, at the time of taking the said promissory note sued on, and at the time of taking the prior note for which the same was exchanged, knew and was fully informed of all the facts connected with the making of the said notes, and knew that the same were given by the said Greenfield and Du Buisson as a payment upon a private and individual contract of the said Greenfield and Du Buisson, in which the defendant corporation had no interest; that this defendant corporation was in no wise interested in the purchase by the said Greenfield and Du Buisson of the said patent right, and that the objects and purposes for which this defendant corporation is incorporated do not include the purchase or owning of patent rights."

The reply denies the material allegations of new matter in the answer, and contains the following averment: "Admits

that the promissory note set out in the complaint was made and delivered to the plaintiff on or about the third day of November, 1898, by the defendant corporation, through its president and secretary, but denies that said promissory note is a pretended promissory note of the defendant, and denies that the same was made in exchange for or to take up a said prior pretended promissory note of the defendant, but avers that said promissory note set out in the complaint was made by the defendant to take up a prior and valid promissory note made by it to the Pacific Drill Chuck Company, and thereafter indorsed over to the plaintiff.'' Upon these issues the cause was tried by the court, which found, in substance, that the defendant was and is a corporation; that on November 3, 1898, by its president and secretary, it executed to the plaintiff the note sued on; that it provided for the payment of a reasonable sum as attorney's fees in case suit was instituted to collect the same; that no part of said note had been paid; that $50 is a reasonable sum as such fees; and found also: ''(6) That said promissory note was executed and delivered to the plaintiff by the defendant in exchange for a promissory note for the sum of $500, executed and delivered by the defendant to the Pacific Drill Chuck Company, and transferred and indorsed over to the plaintiff by said Pacific Drill Chuck Company, for valuable consideration, before maturity, and that plaintiff took said note so transferred and indorsed over to him as a *bona fide* purchaser for value. (7) That the president and secretary of the defendant corporation had authority to execute and deliver to the plaintiff the promissory note set out in the complaint herein, and that J. R. Greenfield, president of the defendant corporation, and one of the officers thereof, who executed and delivered said promissory note to the plaintiff, is the owner of the majority of the stock of said corporation, as well as the president and general manager.'' The court having found as a conclusion of law that the plaintiff was entitled to recover from the defendant the sum of $553.47 and the sum of $50 as attorney's fees, gave judgment therefor, from which the defendant appeals. Affirmed.

For appellant there was a brief over the name of *Davis, Gantenbein & Veazie,* with an oral argument by *Mr. Arthur L. Veazie.*

For respondent there was a brief and an oral argument by *Mr. Milton W. Smith.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. It is contended by defendant's counsel that the court erred in failing to find upon material issues and in making findings outside the issues. It is insisted that the material issues upon which no findings of fact were made arose out of the allegation that the instrument sued on was made by certain officers of the defendant as a renewal note, to take up one previously given by them in payment of their own personal indebtedness, arising out of the purchase of a patent right; that the defendant's board of directors never authorized or ratified the execution of either of said notes; that the defendant received no benefit from, and was not interested in, the purchase of the patent right; that the plaintiff took the notes with full knowledge of all these matters of defense, and that the objects and purposes for which the defendant is incorporated do not include the purchase or owning of patent rights. It is maintained by plaintiff's counsel, however, that the only material averments in the answer are that the defendant's president and secretary had no authority to make or deliver the note set out in the complaint, and that the plaintiff had knowledge and notice of such want of authority on the part of the agents; that the findings of fact follow the allegations of the complaint, and support the judgment; that the court, having found "that the president and secretary of the defendant corporation had authority to execute and deliver to the plaintiff the promissory note set out in the complaint," thereby stated the findings of fact upon all the material issues involved in the pleadings; and that, if defendant had desired findings upon the subordinate probative facts, upon which the ultimate fact found depended, the court should have been so

requested. Notwithstanding the organic act declares that in all civil cases the right of trial by jury shall remain inviolate (Const. Or. Art. I, § 17), such right may be waived by consent of the parties in the trial of an issue of fact in actions on contract, and with the assent of the court in other actions: Hill's Ann. Laws, § 218. Upon the trial of such issue by the court its decision shall be given in writing, and filed with the clerk, stating the facts found and the conclusions of law separately: Hill's Ann. Laws, § 219. The findings of the court upon the facts shall be deemed a verdict, and may be set aside in the same manner, and for like reasons, as far as applicable, and a new trial granted: Hill's Ann. Laws, § 220. It has been held that the court, without any request therefor, must make and state in writing findings of fact upon all the material issues involved: *Daly* v. *Larsen,* 29 Or. 535 (46 Pac. 535); *Breding* v. *Williams,* 33 Or. 391 (54 Pac. 206).

The rule being thus settled, it becomes necessary to examine the pleadings to determine the material issues to be tried. The answer does not deny that the defendant is a corporation, or that no part of said note has been paid, and the reply fails to deny the allegation of defendant that Greenfield and Du Buisson were its president and secretary, and admits that the note sued on was made to take up a prior note to the Pacific Drill Chuck Company. These averments of fact not being in issue, no findings of the court were required to be made thereon: *Fink* v. *Canyon Road Co.* 5 Or. 301; *Luse* v. *Isthmus Transit Ry. Co.* 6 Or. 125 (25 Am. Rep. 506). The material issues of the complaint, therefore, are that the defendant made and delivered to the plaintiff its promissory note, and that $50 is a reasonable sum as attorney's fees. If the defendant could show that Greenfield and Du Buisson, as its president and secretary, had no authority to execute the note sued on, evidence of that character would constitute a valid defense, unless it further appeared that the note had been assigned, before maturity, to an innocent purchaser, for a valuable consideration: *Mechanics' Banking Assoc.* v. *New York & S. W. L. Co.* 23

How. Prac. 74. The great weight of judicial utterance in this country is to the effect that every private corporation, unless restrained by the charter, or prohibited by statute, possesses implied power to issue negotiable instruments in settlement of any debt contracted in the management of its authorized business, or reasonably incident to or connected therewith: 1 Daniel, Neg. Inst. (4 ed.) 382; 4 Thompson, Corp. § 5730; *Mott* v. *Hicks,* 1 Cow. 513 (13 Am. Dec. 550); *Barker* v. *Mechanic Fire Ins. Co.* 3 Wend. 94 (20 Am. Dec. 664); *Com. Bank of New Orleans* v. *Newport Mfg. Co.* 1 B. Mon. 13 (35 Am. Dec. 171); *Olcott* v. *Tioga R. Co.* 27 N. Y. 546 (84 Am. Dec. 298); *Richmond, etc. R. Co.* v. *Snead,* 19 Grat. 354 (100 Am. Dec. 670). So, too, an almost unbroken line of decisions supports the principle that, except in case of organizations such as trust or guaranty companies, a corporation possesses no power to make or indorse commercial paper for the mere accommodation of any person, or for another corporation: 4 Thompson, Corp. §§ 5721, 5739; *Carney* v. *Duniway,* 35 Or. 131 (57 Pac. 192, 58 Pac. 105). If, therefore, the note was given for the private debt, or in settlement of the personal obligation of Greenfield and Du Buisson, or either of them, and its execution was not authorized by the defendant's charter, it was issued without authority; or, if the note was given for the purchase or in part payment of an article that was not to be used in the legitimate prosecution of the defendant's business as specified in its articles of incorporation, or reasonably incident to or connected with the same, such note was executed without authority, and no action of its board of directors could give validity thereto.. A mere averment in the answer that the note was made and delivered without authority would necessarily render admissible all evidence tending to show that it had been given in payment of the debts or obligations of the president or secretary, or that it was given for the purchase of an article not warranted by its charter; and, if such evidence had been sufficient to establish that fact to the satisfaction of the court, a finding for the defendant must have inevitably resulted, unless the note was transferred, before maturity, for

a valuable consideration, to a person who had no notice or knowledge of such want of authority on the part of the defendant's agents; for when a corporation possesses general power to issue commercial paper an *ultra vires* negotiable instrument is good in the hands of a *bona fide* purchaser for value: 4 Thompson, Corp. §§ 5736-5738, 5740. These were the only material issues in the answer upon which the court was required to make findings of fact, and, having found that the president and secretary of the defendant had authority to execute and deliver to the plaintiff the promissory note set out in the complaint, it would seem that the finding in respect to the assignment of the note was of minor importance, notwithstanding which the court also found that the Pacific Drill Chuck Company, for a valuable consideration, before maturity, assigned said note to the plaintiff.

2. It is argued by defendant's counsel that the finding "that the president and secretary of the defendant corporation had authority to execute and deliver to the plaintiff the promissory note set out in the complaint" is a conclusion of law, without any findings of fact upon which to predicate it. "The existence of an agent's authority," says Mr. Justice STRAHAN in *Glenn* v. *Savage,* 14 Or. 567 (13 Pac. 442), "is purely a question of fact. What he may do by virtue of it is a question of law." The pleadings admit that Greenfield and Du Buisson, at the time they executed the note in question, were the president and secretary, respectively, of the defendant. This fact, having been admitted, required no finding thereon; and, it also being admitted by the pleadings that they signed said note as president and secretary, the finding that they had authority therefor is not a finding of what they might do under the power delegated, but a finding of fact that authority existed for the performance of the facts admitted. The transcript does not contain any of the evidence introduced at the trial, and hence we are unable to say whether the fact so found was determined from an examination of the defendant's articles of incorporation, or from the record of its board of directors showing that such power had been legally granted. The

method of conferring the power was a matter of evidence admissible under the general allegations of the answer, the defendant specifically alleging the mode of granting it; and, such allegation not being material, if the defendant had desired a finding thereon, he should have so requested the court, but, not having done so, no error can be predicated thereon.

3.   The court also found that Greenfield was the owner of a majority of the stock of said corporation, as well as being its president and general manager.   This was outside the issues, but the defendant cannot be prejudiced thereby, for the judgment, being supported by proper findings, is not rendered invalid by extraneous findings not in conflict therewith: *Dolliver* v. *Dolliver,* 94 Cal. 642 (30 Pac. 4).

4.   The findings upon the material issue of the authority to execute the note may have involved the existence of several subordinate issues of fact upon which the ultimate fact depended (*Moody* v. *Richards,* 29 Or. 282, 45 Pac. 777), but, as they were not material issues, and no request was made for findings thereon, the judgment is affirmed.     AFFIRMED.