Submitted on briefs January 31, affirmed February 13, rehearing denied April 9, 1918.

# SIVERSON *v.* CLANTON.

(170 Pac. 933; 171 Pac. 1051.)

**Appeal and Error—Objections in Trial Court—Insufficiency of Complaint—Waiver.**

1. Under Section 72, L. O. L., the contention that the complaint fails to state facts sufficient to constitute a cause of action- is not waived, though not raised at trial, and may for the first time be insisted upon on appeal.

**Trover and Conversion—Action—Nature of.**

2. The action of trover is a remedy to recover the value of personal property wrongfully converted, in which case the damages constitute the gist of the action and afford the measure of recovery.

[As to conversion of personal property sufficient to sustain trover, see note in 24 Am. St. Rep. 795.]

**Pleading—Defects in Complaint—Effect of Answer.**

3. Where defendant answered, averments of the complaint may be aided by the answer.

**Payment—"Duress"—What Constitutes.**

4. It is not duress for a person to threaten to commence a civil action, or to institute legal proceedings, or declare his intention to resort to the courts in order to enforce what he believes his rights.

**Pleading—Construction on Appeal—Failure to Demur.**

5. Where defendant interposed no demurrer to the complaint, but went to trial without objections, the complaint should have a liberal construction on objection on appeal that it fails to state a cause of action.

**Payment—Actions—Complaint.**

6. Plaintiff's complaint alleged that he was the owner and in possession of a fish-trap of the value of $2,000, located in the Columbia River; that without his knowledge or consent and against his will defendants converted and appropriated such trap to their own use, and deprived plaintiff of title thereto, and withheld possession, preventing plaintiff from operating the trap to his injury; that although demand was made upon defendants to surrender possession, they refused and threatened to sell it unless plaintiff paid $1,000, and that in order to secure possession of the trap plaintiff was compelled to and did pay that sum. The answer denied the material averments of the complaint, and for a further defense substantially alleged that defendants were the master fish warden and his deputy, and that the defendant deputy took possession of the trap because plaintiff was unlawfully operating it; that plaintiff entered a plea of guilty. to a complaint charging unlawful operation, and that, being informed that defendants intended by due process of law to confiscate and cause

the fish-trap to be condemned, plaintiff paid $1,000, which the defendant warden deposited with the state treasurer. *Held*, that as the answer which aided the complaint showed that defendants undertook without legal process to confiscate the fish-trap, and fix the amount payment of which would entitle plaintiff to redeem the same, the complaint stated a cause of action in tort for duress of property.

Trial—Findings of Fact—Request.

7.  When a cause of action is tried without a jury, findings of fact must without request be made upon all material issues, and while those findings may involve subordinate matters which have been controverted by the testimony, demands for findings thereon are essential.

Pleadings—Reply—Admissions.

8.  Allegations of new matter in the answer which are not controverted by the reply are admitted, and hence there is no necessity to make findings of fact as to such matters.

Appeal and Error—Presumptions—Evidence.

9.  In construing findings the appellate court will assume that testimony has been received tending to substantiate a subordinate controverted fact.

Appeal and Error—Presentation of Grounds of Review in Court Below—Request for Findings.

10.  A party desiring the same should request the court, in an action tried without a jury, to make particular findings of fact, and, if his request is denied, except as to the findings made, for in event of failure, the matter cannot be reviewed on appeal.

ON PETITION FOR REHEARING.

Payment—Payment Under Duress—Recovery—Form of Action.

11.  The action for money had and received, the old remedy for recovering back a payment made under duress is an equitable action, and proceeds on equitable principles.

Payment—Duress—Recovery—Complaint.

12.  Section 67, L. O. L., requires the complaint to contain a plain and concise statement of facts constituting the cause of action and a demand for the relief claimed. Section 5236, L. O. L., makes it unlawful to take fish or salmon in any waters within the state's jurisdiction except during a prescribed open season; Section 5268 makes a violation thereof a misdemeanor; Section 5321 makes any fish-trap used during a closed season subject to forfeiture, and requires the fish warden to seize it, and the prosecuting attorney to bring action to have it condemned and sold after summons to the owner. A complaint by a plaintiff, whose fishing during the closed season had made his fish-trap subject to forfeiture, alleged that the defendant, the master fish warden of the state, without his knowledge or consent seized plaintiff's fish-trap, valued at $2,000, threatened to sell it before condemnation, and exacted $1,000 as a condition precedent to its release to plaintiff. *Held*, that the complaint stated a cause of action for the recovery of money paid under compulsion or duress, as the defendant's proceeding was not warranted by the law.

Pleading—Initiatory Pleading—Construction.

13. An initiatory pleading, not challenged by demurrer, should be construed liberally.

Pleading—Complaint—Sufficiency.

14. A complaint, alleging facts that bring the case clearly within the provisions of the law by which it is governed, sufficiently states a cause of action, which, if properly substantiated, entitles the plaintiff to the relief sought.

Trial—Findings of Fact—Issues.

15. Where the findings of fact originally made conform to the averments of the complaint, it is unnecessary to find upon any other issues.

Interest—Judgment—Statute.

16. In an action to recover a payment exacted as an unwarranted condition precedent to the release of plaintiff's pound net or fish-trap by defendant, as the master fish warden of the state, wherein the defendant, in good faith, denied plaintiff's right of recovery, interest would not be allowed on the recovery from the date when the payment was made on defendant's demand, but only on the plaintiff's claim when liquidated by judgment.

From Clatsop: James A. Eakin, Judge.

In Banc.

This is an action to recover money. The complaint charges in effect that on and prior to September 12, 1912, the plaintiff, Theodore Siverson, was the owner and in the possession of a fish-trap of the value of $2,000, which artifice was marked "No. 1, Ore. and No. —— U. S.," and located in the Columbia River in Clatsop County, Oregon; that about September ——, 1912, without his knowledge or consent and against his will, the defendants, R. E. Clanton and Frank Sweet, took, converted and appropriated such trap to their own use, and deprived the plaintiff of his title thereto, and withheld the possession thereof from September ——, 1912, until the 12th of that month, thereby preventing him from operating the trap in catching salmon, to his injury in the sum of $300; that although demand was made upon the defendants to surrender possession of the trap to the

plaintiff, they refused to comply therewith and threatened to sell it to others, unless the plaintiff paid them $1,000, and in order to secure such possession he was compelled to and did pay them that sum. Judgment was demanded for the recovery of $300 and $1,000 respectively with interest from September 12, 1912.

The answer denies the material averments of the complaint and for a further defense substantially alleges that during all the times stated in the initiatory pleading, the defendant Clanton was the master fish warden of Oregon, and the defendant Sweet was his deputy for the Lower Columbia District; that about September 8, 1912, Sweet ascertained that the plaintiff was unlawfully operating his fish-trap, whereupon the deputy took possession of the appliance and delivered it to Clanton; that on the next day Sweet swore to and filed with a justice of the peace of that county, a complaint charging the plaintiff with the crime of operating a fish-trap during the closed season on that river; that a warrant was thereupon issued, pursuant to which the plaintiff was apprehended and brought before that court, where he entered a plea of guilty as charged and was fined $50 and costs, which sum he then paid; that about September 9, 1912, the plaintiff was informed by Clanton that he intended, by due process of law, to confiscate and cause to be condemned the fish-trap, and that in order to prevent such forfeiture, an agreement was entered into two days thereafter whereby the plaintiff paid $1,000 to the master fish warden, who deposited that sum with the state treasurer on account of the hatchery fund of Oregon. Judgment was demanded for a dismissal of the action and for a recovery of the costs and disbursements incurred by the defendants. No reply appears to have been filed. By stipulation of the parties the cause

was tried without the intervention of a jury, the plaintiff's counsel withdrawing the claim of $300 as special damages, and findings of fact and of law were made in substance as alleged in the complaint and in conformity with the averments of new matter in the answer. Based thereon judgment was rendered in plaintiff's favor for the sum of $1,000 with interest from September 12, 1912, and the defendants appeal.

AFFIRMED.

For appellant there was a brief submitted over the names of *Mr. George M. Brown,* Attorney General, *Mr. Isaac H. Van Winkle,* Assistant Attorney General, and *Mr. C. W. Mullins,* District Attorney.

For respondent there was a brief prepared and submitted over the name of *Messrs. Anderson & Erickson.*

MOORE, J.—1. It is contended that the complaint does not state facts sufficient to constitute a cause of action. Though this question was not raised at the trial it was not waived and can be insisted upon in this court: Section 72, L. O. L.

2–6. From the averment in the complaint that the defendants "took, converted and appropriated such trap to their own use," it might seem that the action was trover, which is a remedy to recover the value of personal property wrongfully converted by another to his own use, in which the damages sustained constitutes the gist of the action and affords the due measure of recovery: *Walker* v. *First Nat. Bank,* 43 Or. 102 (72 Pac. 635); *Eldridge* v. *Hoefer,* 45 Or. 239 (77 Pac. 874); *Lee Tung* v. *Burkhart,* 59 Or. 194 (116 Pac. 1066). In *Eldridge* v. *Hoefer,* 45 Or. 239 (77 Pac. 874), Mr. Justice BEAN in speaking of an action of trover remarks:

"The title to the property alleged to have been converted is regarded as having passed to the defendant, who is liable for its value, with simple interest."

Though the complaint alleges that the defendants deprived the plaintiff of his title to the fish-trap and withheld the possession thereof from September ———, 1912, until the 12th of that month, it might be inferred from such averment that notwithstanding the possession of the trap had been surrendered to the plaintiff, the defendants held the title thereto. Any deduction to that effect is dispelled, however, by the allegation of the answer to the effect that Clanton notified the plaintiff of his intention to institute proceedings for the condemnation and confiscation of the trap, unless the latter paid $1,000 for its release, which sum was given for that purpose and not otherwise. This averment practically concedes that the title to the fish-trap was in the plaintiff, otherwise there would have been no need of commencing an action to take, for the benefit or advantage of the public, the property of a private owner without his consent. A fair construction of the allegations of the complaint, which were not challenged by demurrer, but are thus aided by the averments of the answer, leads to the conclusion that the action litigated was not trover, but duress of personal property, which unlawful constraint consisted in the alleged seizing by force and withholding from the plaintiff, who was entitled thereto, the possession of the fish-trap and in demanding of him the payment of a sum of money as the condition of its release: 2 Cooley, Torts (3 ed.), 970. It must be admitted that it is not duress for a person to threaten to commence a civil action, or to institute legal proceedings, or to declare his intention to resort to the courts in order to enforce

what he believes to be his rights: 9 R. C. L., p. 722, par. 11. Though in Oregon a statute makes the title to negotiable instruments defective when a signature thereto was obtained by duress (Section 5888, L. O. L.), we have no enactment to avoid contracts, other than marriage, on that ground: Section 7018, L. O. L. In the absence of such legislation, the remedy of the defrauded party for duress of goods is usually limited to a recovery back of the payments which were exacted by reason of the duress: 9 R. C. L. 712, par. 3.

"To constitute duress, it is sufficient if the will be constrained by the unlawful presentation of a choice between comparative evils; as inconvenience and loss by the detention of property, loss of property altogether, or compliance with an unconscionable demand. It has been held, however, that duress of property cannot exist without there being a threat to do some act which the threatening party has no legal right to do,— some illegal exaction, or some fraud or deception. The restraint must be imminent and such as to destroy free agency without present means of protection": 9 R. C. L. 723, par. 12.

It is evident the plaintiff then had no present mode of protection, for if he had attempted by legal means to have secured possession of the fish-trap it is probable the master fish warden would immediately have caused proceedings to be instituted in the proper court for the condemnation and sale of the appliances for an unlawful use thereof, in the manner prescribed: Section 5321, L. O. L.; *Nicklas* v. *Rathburn,* 69 Or. 483 (139 Pac. 567). Instead of resorting to the mode thus provided by law the defendants, undoubtedly acting as they believed in the interests of the public and to protect the great fishing industry, personally undertook to discharge the duties of judge and sheriff, and

the plaintiff, in order to secure the immediate possession of his fish-trap, paid the sum of money demanded as a condition of its release.

As no demurrer was interposed to the complaint, its averments will be much more liberally construed than when they are formally challenged at the proper time: *North* v. *Union Savings & Loan Assn.*, 59 Or. 483 (117 Pac. 822). Thus interpreting the initiatory pleading, it is believed the cause set forth therein sounds in tort for duress of property and that the complaint states facts sufficient to constitute a cause of action.

7. The defendants' attorney on September 9, 1916, moved to set aside the judgment, rendered herein July 17th of that year, on the ground that the findings of fact and of law were made and entered without affording an opportunity to object thereto or to request others, and thereupon objections were interposed to the findings as made, and other findings in lieu thereof were requested. These objections are based on the ground that the findings state facts which are not included within the issues. Without admitting that such challenges are properly before us for consideration, because they were not made before the judgment was given, it may be said that when a cause is tried without the intervention of a jury, findings of fact, without any requests therefor, must be made upon all the material issues. These findings may involve several subordinate matters which have been controverted by the testimony in respect to which demands for findings thereon are essential: *Reade* v. *Pacific Supply Assn.*, 40 Or. 60 (66 Pac. 443); *Jennings* v. *Frazier*, 46 Or. 470 (80 Pac. 1011). All the findings so objected to come fairly within this principle and it may be assumed that they were made pursuant to a request therefor by plaintiff's counsel.

8. The requested findings, except in one particular hereinafter mentioned, conform to the averments constituting the separate defense. These allegations of new matter, not having been controverted by any reply, were admitted and as there was no issue in respect thereto, findings of fact thereon were unnecessary: *Luse* v. *Isthmus etc. R. Co.,* 6 Or. 125 (25 Am. Rep. 506); *Fink* v. *Canyon Road Co.,* 5 Or. 301; *Moody* v. *Richards,* 29 Or. 282 (45 Pac. 777); *Vuilleumier* v. *Oregon Water P. & R. Co.,* 55 Or. 129 (105 Pac. 706).

9, 10. The court refused to grant the further request of the defendants' counsel to the effect that when plaintiff had consulted an attorney in respect to his rights in and to the fish-trap, after it was seized, and he had been fully advised in relation to the matter, he paid $1,000 and thereupon the appliance was released and an exception to such ruling was undertaken to be saved. If this request had been made before the judgment was rendered a very different question would be presented, assuming as we must that testimony had been received tending to substantiate a subordinate controverted fact. It was incumbent upon the defendants' attorney to ask the court to make particular findings of fact and if his request were denied to except to the rulings thus made. As the defendants' representative he had his day in court and should have acted promptly in their behalf, but having failed in this particular, the only questions to be considered are: Does the complaint state facts sufficient to constitute a cause of action, and do the findings of fact as made support the final conclusion reached.

We conclude these inquiries should be answered in the affirmative, and such being the case the judgment is affirmed.    AFFIRMED. REHEARING DENIED.

Modified April 9, 1918.

On Petition for Rehearing.

(171 Pac. 1051.)

Petition for rehearing denied and former opinion modified.

*Mr. George M. Brown,* Attorney General, *Mr. Isaac H. Van Winkle,* Assistant Attorney General, and *Mr. C. W. Mullins,* District Attorney, for the Petition.

*Messrs. Anderson & Erickson, contra.*

In Banc.

MOORE, J.—Attention is called in a petition for a rehearing to the fact that in the former opinion herein it was taken for granted that no reply had been filed, when the abstract shows that by stipulation of the parties the averments of new matter in the answer were deemed denied. Based upon this mistake it is argued by appellant's counsel that the allegations of the complaint are not sufficient to constitute a cause of action, and that the findings of fact as made by the court do not support the judgment which was rendered. The complaint reads:

(1) "That on and prior to the 12th day of September, 1912, the plaintiff was the owner of and in possession of, a certain pound net fish-trap, in the waters of the Columbia River, in the vicinity of Woody Island, and about 1,000 feet from the shorelands of said river, and within the boundaries of Clatsop County, State of Oregon, which said pound net fish-trap at that time was marked 'No. 1, Ore.' and No. —— U. S. and was and is of the value of $2,000.

(2) "That on or about the —— day of September, 1912, the defendants, without the knowledge or

consent of the plaintiff and against his will, took, converted and appropriated said pound net fish-trap to their own use, and deprived the plaintiff of his title thereto and of his possession thereof; that said defendants withheld the possession of said pound net fish-trap from the plaintiff, during the period from September ——, 1912, until September 12, 1912, and thereby deprived the plaintiff of his right to maintain and operate said fish-trap for the purposes of catching salmon fish, to the injury of the plaintiff in the sum of $300.

"That said defendants, although the plaintiff frequently demanded that they return said fish-trap to the plaintiff, refused and neglected to return the same to him, unless he pay them the sum of $1,000; that in order to secure possession of said trap, said plaintiff was compelled to pay said sum of $1,000 to said defendants; that said defendants threatened to sell said trap to other parties than the plaintiff, unless the plaintiff paid said sum, and they did offer the same for sale to other persons than the plaintiff, and thereupon the plaintiff, in order to operate said trap, paid said sum of $1,000.

"Wherefore, by reason of the premises, plaintiff demands judgment against the defendants in the sum of $300, and the further sum of $1,000, with interest thereon from September 12, 1912, until paid, and for his costs and disbursements herein."

Based upon the testimony received at the trial, findings of fact were made to the effect,

(1) That on and prior to September 12, 1912, the plaintiff was the owner and in the possession of a pound net fish-trap, located and marked as alleged in the complaint.

(2) That the trap was of the value of at least $2,000.

(3) That on and prior to September 12, 1912, the defendant R. E. Clanton was Master Fish Warden of the State of Oregon, and the defendant Frank Sweet was his deputy for the Columbia River District.

(4) That on or about September 8, 1912, the defendants, without the knowledge or consent of the plaintiff, and against his will, took possession of the fish-trap and withheld it, thereby preventing the plaintiff from operating the trap.

(5) That the possession and operation of the trap during the time mentioned was of great value to the plaintiff; that large quantities of fish abounded in the waters in the immediate vicinity of the trap in September, 1912.

(6) That on and prior to September 12, 1912, the defendant R. E. Clanton threatened to sell the fish-trap, and offered it for sale to persons other than the plaintiff; that Clanton would have sold the appliance to persons other than the plaintiff, unless the latter paid that defendant the sum of $1,000 therefor.

(7) That persons, other than the plaintiff, had submitted bids to Clanton for the fish-trap.

(8) That in order to prevent the sale of the trap to persons other than the plaintiff, and to secure possession thereof so as to operate it, the plaintiff was compelled to and on September 12, 1912, did pay Clanton the sum of $1,000.

(9) That prior to September 12, 1912, Clanton offered to sell the trap to persons other than the plaintiff, and had received from them bids therefor; that Clanton informed the plaintiff that unless he paid the sum of $1,000 therefor, the trap would be sold to other persons, and that defendant would have sold the same unless the plaintiff paid him the sum of $1,000.

(10) And that because of the acts of the defendant Clanton, the plaintiff was damaged in the sum of $1,000.

As conclusions of law the court also found that Clanton deprived the plaintiff of the fish-trap without due process of law, and converted the same to his own use; that the sum of $1,000 so paid by the plaintiff was not voluntary, but was made under duress of his property; and that the plaintiff was entitled to judgment

against Clanton in the sum of $1,000 with interest at the rate of 6 per cent per annum from September 12, 1912, until paid, and for his costs and disbursements herein. Judgment was rendered in accordance therewith July 17, 1916.

The defendant on September 7, 1916, requested the court to make other findings all of which were denied, except as follows:

(1) "That on or about the 8th day of September, 1912, the plaintiff was unlawfully operating and causing the operation of the fish-trap mentioned in plaintiff's amended complaint, and thereupon the defendant, Frank Sweet, took possession of said trap and transferred the possession thereof to the defendant, R. E. Clanton.

(2) "That thereafter, to wit, on the 9th day of September, 1912, a complaint was sworn to before one P. J. Goodman, the justice of the peace for Astoria Precinct, Clatsop County, State of Oregon, accusing and charging the plaintiff with operating the said fish-trap during the closed season of said year; that thereafter, to wit, on or about the 9th day of September, 1912, said warrant was served upon the plaintiff herein and the plaintiff appeared on said day in said justice's court and entered a plea of guilty to said charge, and thereafter, to wit, on said 9th day of September, 1912, judgment was entered against the plaintiff, adjudging that he be fined in the sum of $50 and costs, which judgment was entered and docketed in said court and which judgment the plaintiff then and there paid."

11. The first question to be considered is whether or not the complaint states facts sufficient to constitute a cause of action for an alleged duress of personal property. In a note to the case of *Mayor etc. Baltimore* v. *Lefferman,* 4 Gill (Md.), 425 (45 Am. Dec. 145, 154), in speaking of the ancient remedy that was invoked in such instance, it is observed:

"The action for money had and received, which is the form in which a party must sue to recover back a payment which he has made by compulsion, is an 'equitable action' (*Moses* v. *Macfarlane,* 2 Burr. 1009), and it proceeds on equitable principles."

To the same effect is the case of *Alston* v. *Durant,* 2 Strob. L. (S. C.) 257 (49 Am. Dec. 596), where the Supreme Court of South Carolina held that an action of *assumpsit* would lie for money paid by the plaintiff for the return of his slave, whom the defendant, as sheriff, refused to surrender, except upon the receipt of a sum in excess of his lawful fees.

12. In Oregon the distinction between forms of actions at law has been abolished, and only one form of such action is now permissible: Sections 1 and 64, L. O. L. The complaint is required to contain a plain and concise statement of facts constituting the cause of action, without unnecessary repetition, and a demand for the relief which the plaintiff claims: Section 67, L. O. L. Section 2 of an act filed in the office of the Secretary of State February 28, 1901, makes it unlawful to take or fish for salmon in any of the rivers or tributaries in Oregon, or in any waters over which the state has concurrent jurisdiction, except during prescribed open seasons: Gen. Laws Or. 1901, p. 328; Section 5236, L. O. L. Section 15 of that act declares that any person fishing for, taking or catching salmon in violation thereof, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined, etc. Section 51 of that statute provides generally that any fish-trap used in catching salmon by any persons, or left in a condition to take such fish during a closed season shall be forfeited. It is made the duty of the fish warden to seize such appliance and thereupon the prosecuting attorney of the proper district is required

to institute an action in the Circuit Court to have such appliance condemned and sold. A summons to be issued in such action requires the owner of the trap, if known, to appear within 15 days from the service of such process. If, at the trial a judgment of condemnation is given, an execution is to be issued as in ordinary actions, and the appliance so seized is to be sold to the highest bidder for cash: Section 5321, L. O. L.

In the case at bar no judgment was given nor was any action commenced to condemn the fish-trap. By the plaintiff's plea of guilty, however, to the charge of unlawfully using such means of catching salmon during the closed season, he thereby rendered himself liable to forfeit all his right and title in and to the property so employed for an illegal purpose. It will be remembered the trial court found that the fish-trap was of the value of at least $2,000. The defendant Clanton, if he was authorized without a warrant to seize the appliance, had no right to compromise the offense by accepting only one half of the value of the trap. He did not possess any pardoning power. He was not authorized to surrender the appliance to any person except to the highest bidder for cash upon a valid sale thereof by the sheriff, pursuant to an execution issued upon the judgment of condemnation: *Nicklas* v. *Rathburn,* 69 Or. 483 (139 Pac. 567). Instead of notifying the prosecuting attorney whose duty it was to institute an action to condemn the trap, the master fish warden assumed to act as the court in rendering a judgment to that effect, and also as sheriff to enforce the execution issued upon such final determination, except that Clanton threatened to sell the appliance to any person who would purchase it from him, and finally disposed of it to the plaintiff for only

one half of its value. That Clanton acted from pure motives is unquestioned, and he undoubtedly thought he was performing his official duty in protecting the salmon by undertaking in such summary manner to enforce the provisions of the statute.

In a note to the case of *Harris* v. *Cary*, 112 Va. 362 (71 S. E. 551, Ann. Cas. 1913A, 1351, 1354), it is said:

"It is well settled that if a person has in his possession personalty belonging to another, and refuses to deliver the property to the owner unless he is paid a sum of money which he has no right to receive, and, in order to obtain possession of his property, the owner pays the sum demanded, the payment is made under compulsion and may be recovered."

13, 14. The complaint herein, stripped of superfluous verbiage, practically charges the exaction of a sum of money as a condition precedent to the release of property under conditions similar to those specified in the excerpt last quoted. When a complaint alleges facts that bring the case clearly within the provisions of the law by which it is governed, the pleading sufficiently states a cause which, if properly substantiated, entitles the plaintiff to the relief sought. The initiatory pleading, not having been challenged by a demurrer, should be construed liberally, and thus interpreted it is sufficient.

15. The findings of fact, originally made, conform to the averments of the complaint, thereby rendering it unnecessary to find upon any other issues: *Lewis* v. *First Nat. Bank*, 46 Or. 182 (78 Pac. 990); *Freeman* v. *Trummer*, 50 Or. 287 (91 Pac. 1077); *Naylor* v. *McColloch*, 54 Or. 305 (103 Pac. 68); *Wells* v. *Great N. Ry. Co.*, 59 Or. 165 (114 Pac. 92, 116 Pac. 1070, 34 L. R. A. (N. S.) 818).

16. The judgment rendered herein July 17, 1916, awarded the plaintiff a recovery of $1,000, with interest thereon at the rate of 6 per cent per annum from September 12, 1912, the time when that sum was paid upon Clanton's demand. Particular attention was not called to this part of the judgment in the brief originally submitted by appellant's counsel, and for that reason the matter was overlooked. In *Baker County* v. *Huntington,* 48 Or. 593, 603 (87 Pac. 1036, 89 Pac. 144), it was said:

"When the right to recover in an action is in good faith denied, interest will not be allowed on the demand prior to its liquidation by judgment."

To the same effect are the cases of *Sargent* v. *American Bank & Trust Co.,* 80 Or. 16 (154 Pac. 759, 156 Pac. 431); *Carnahan Mfg. Co.* v. *Beebe-Bowles Co.,* 80 Or. 124 (156 Pac. 584); *Holtz* v. *Olds,* 84 Or. 567 (164 Pac. 583, 1184); *City of Seaside* v. *Oregon Surety & Casualty Co.* (Or.), 171 Pac. 396. The defense herein was interposed in good faith and this being so, no interest was permissible until the judgment was rendered. A correction will be made in this particular, thereby allowing the appellant his costs and disbursements upon this appeal. In all other respects the former judgment is adhered to and the petition for a rehearing is denied.

MODIFIED AND REHEARING DENIED.