# Wheeling.

## JESSE JONES *et. al. vs.* JOHN GRIMMET.

### January Term, 1870.

G. institutes an action of trespass on the case against J. and ten others, for arrest and false imprisonment. The defendants pleaded the statute of limitations and not guilty, and issues were thereon joined. Upon the issues the jury rendered a verdict for damages against eight of the defendants jointly, find two of the defendants not guilty, and omitted to find any verdict against F., the other defendant, and the circuit court entered joint judgment on the finding of the jury against the eight defendants for the damages assessed by the jury, and the costs. HELD:

> That as the defendants against whom the verdict was rendered and the judgment thereon entered, were not prejudiced by the omission as to F., it was proper to enter the judgment on the verdict against the defendants who were found guilty.

This was an action of trespass on the case instituted by John Grimmet against Jesse Jones and others, in the circuit court of Monroe county, on the 25th of August, 1866, for the alleged illegal arrest and imprisonment of the plaintiff, in said county, in October, 1862. It is unnecessary to set out or refer to any of the pleas filed by defendants in this case, as they are in substance the same as those filed in the case of *Caperton* v. *Martin*, to which reference is made by Judge Berkshire in his opinion in this case.

The other error alleged by the plaintiffs in error is, that all the defendants joined in the pleas filed in the case, while the verdict of the jury finds all the defendants guilty

upon the issues joined upon the pleas of the statute of limitations and upon the plea of not guilty except the defendants Griffith Meadows and Richard Meadows, who were found not guilty, and except defendant James Fisher, as to whom the verdict is altogether silent. The plaintiffs in error claim that the verdict should have found either guilty or not guilty as to Fisher, and the omission to do so renders the verdict void as to the other defendants against whom the verdict was rendered.

*Lee* and *Boggess* for the plaintiffs in error.
*Stanton & Allison* for the defendant in error.

BERKSHIRE, J.  All the questions in this case, except the last error assigned, were disposed of in the case of *Caperton* v. *Martin*, which was decided at the present term.

We need, therefore, only consider the last error assigned. It consists, as it is claimed, in rendering the judgment on the verdict found by the jury.

The only objection to the verdict is the failure to find on the issue joined, as to Fisher, one of the defendants, as to whom the verdict is silent.

But Fisher has not appealed, and it is not perceived how the omission of the jury as to him could injure the plaintiffs in error.

In the case of *Burnett* vs. *The Commonwealth,* 2 Va. Cas. 235, it was held, that on the trial of an indictment containing several counts, and the jury find the prisoner guilty on *one* of them, saying nothing about the others, the court should enter a judgment of conviction on the *verdict,* on the count on which the defendant was found guilty, and a judgment of *acquittal* on the others. Without deciding, however, whether the court should have dismissed or entered a judgment of acquittal as to Fisher, I think, as the other defendants were not prejudiced by the omission as to Fisher, it was proper to enter the judgment, on the verdict, against the defendants who were found guilty.

The judgment, therefore, must be affirmed with costs and damages.

Brown, Prest., concurred with Berkshire, J.

MAXWELL, J.   Let the judgment be affirmed, with damages and costs to the defendant in error.

JUDGMENT AFFIRMED.