Argued January 11, decided January 17 ; rehearing allowed and former opinion adhered to September 19, 1911.

## NORTH *v.* UNION SAVINGS & LOAN ASS'N.

[117 Pac. 822.]

CORPORATIONS—SUITS BY STOCKHOLDERS—CONDITION PRECEDENT.

1. As a general rule a stockholder is not allowed to sue to prevent misappropriation of corporate securities without first requesting the directors, and, in case of their refusal to act, then the stockholders, to proceed against the wrongdoers in the name of the corporation, but, where a complaint in an action by a stockholder alleges that the directors, a trustee of the company, and a majority of the stockholders are conspiring to unlawfully make way with the corporate assets, it is not necessary to allege that plaintiff requested the directors to begin suit in the name of the association.

CORPORATIONS—SUIT BY STOCKHOLDER—COMPLAINT.

2. In an action brought against a corporation and the majority of its directors to prevent a misappropriation of its securities, the complaint alleged that the directors disposed of the assets with intent to defraud plaintiffs and other stockholders. *Held,* that, in the absence of a demurrer or motion to make more definite and certain the complaint sufficiently alleges that plaintiffs were stockholders when the alleged wrongs were perpetrated.

CORPORATIONS—ACTIONS BY STOCKHOLDERS—COMPLAINT.

3. In an action against a corporation and the majority of its directors to prevent the misappropriation of corporate assets, the complaint need not show that plaintiffs were stockholders when alleged wrongs were committed.

CORPORATIONS—ACTIONS BY STOCKHOLDERS—PLEADING.

4. In an action against a corporation and the majority of its directors by stockholders to prevent a misappropriation of corporate assets, failure of plaintiffs to allege in their complaint that they sued on behalf of themselves and all others similarly situated, if a defect, is waived by failure to object by demurrer or answer under Sections 68, 72, 395, L. O. L., and, notwithstanding the form of the complaint, the recovery under it will be for the corporation or those stockholders similarly situated, and the court may in its discretion direct such parties to be brought in or may by final decree so dispose of any proceeds of the suit as to do justice to all entitled to share in any funds that may be recovered.

ON REHEARING.

PLEADING—OBJECTIONS TO COMPLAINT—OBJECTIONS AT TRIAL.

5. The complaint will be construed more liberally upon an objection to its sufficiency first made at trial than when a like objection is raised by demurrer.

CORPORATIONS—SUIT BY STOCKHOLDERS—ALLEGATIONS OF COMPLAINT.

6. The complaint in an action against a corporation and the majority of its directors to prevent the misappropriation of corporate assets alleged that defendants were directors when the alleged wrongful acts were committed, and that they "are" directors, using the present tense, and another paragraph alleged that one of them was its' president until recently, and that another defendant "is now" the president, and that the wrongful acts were committed by "said officers and directors." *Held* that, in absence of demurrer or motion to make more definite, the complaint sufficiently alleged that the officers and directors named were those who committed the alleged wrongful acts.

CORPORATIONS— SUIT BY STOCKHOLDER— ALLEGATIONS OF COMPLAINT— SUFFICIENCY.

7. The complaint in an action against a corporation and the majority of its directors to prevent a misappropriation of assets alleged that the defendant officers and directors had conveyed to another company certain realty at grossly inadequate prices, ranging from $10 to $100, and that such properties "are" improved and are worth not less than $3,000, but did not allege their value at the sale, or that they were then improved, or that defendants knew they were worth more than the prices received or had any fraudulent intent in making the sale. *Held,* that the allegations did not state a cause of action, authorizing the admission of evidence to support them.

PLEADING—ALLEGATIONS—INFORMATION AND BELIEF.

8. As a rule, fraud cannot be charged upon information and belief, unless the grounds upon which the belief rests or facts from which the court can infer that it is well founded, are stated.

CORPORATIONS—SUIT BY STOCKHOLDERS—SUIT AGAINST THIRD PERSONS —ALLEGATIONS OF COMPLAINT.

9. In an action against a corporation, the majority of its directors, and one to whom the directors are alleged to have transferred a mortgage in return for stock to prevent the misappropriation of the corporate assets, the complaint alleged that the mortgage was for $3,000, but did not state that it was actually worth anything, or that the stock exchanged for it was worth less, or that the transferee of the mortgage knew of any bad faith in the transaction. *Held,* that the complaint did not allege a cause of action against such transferee.

CORPORATIONS—SUITS BY STOCKHOLDERS—MISAPPROPRIATION OF ASSETS —ALLEGATIONS OF COMPLAINT.

10. Allegations of the complaint in a suit against a corporation and the majority of its directors to prevent the misappropriation of assets that the officers and directors have for two years been paying dividends to certain preferred stockholders when the association was insolvent did not state a cause of action where it appeared that the association was a going concern, and it was not charged that the officers knew it to be insolvent, or that their payments were unlawful, since the dividends

might have been lawfully preferred under Section 6749, L. O. L., authorizing the issue of different classes of stock, including reserve fund stock, which should not be withdrawn until all claims of other shareholders and of creditors are fully paid.

CORPORATIONS—SUIT BY STOCKHOLDERS—ALLEGATIONS OF COMPLAINT.

11. The complaint in an action against a corporation and the majority of its directors to prevent a misappropriation of assets alleged that the officers and directors had persuaded a large number of stockholders to accept stock in an investment company in lieu of their corporate stock, and that, when the latter was surrendered, it was re-issued in the name of defendant B. to give him a controlling interest in the corporation, which he obtained. *Held* that, in the absence of a showing of fraud in inducing the stockholders to exchange their stock or in re-issuing the stock to B., the complaint did not state a cause of action.

BUILDING AND LOAN ASSOCIATIONS — SUITS BY STOCKHOLDERS — MIS-APPROPRIATION OF ASSETS.

12. Sections 6748, 6749, 6750, L. O. L., requires savings and loan associations to deposit their mortgages and securities with the Secretary of State or some duly chartered trust company as a trust fund for all the stockholders, and provides that such securities may be withdrawn only for the purpose of foreclosure upon default or when they have been paid. *Held,* that the withdrawal by the officers and directors of such an association of its mortgages and securities from the trust deposit in order to secretly dispose of them for their own benefit constitutes a fraud upon the stockholders, entitling them to compel the delinquent officers to account for any deficit caused thereby in the trust fund.

BUILDING AND LOAN ASSOCIATIONS — SUIT BY STOCKHOLDERS — CONDITIONS PRECEDENT—REQUEST OF TRUSTEE.

13. If the trustee with which the securities of a savings and loan association are deposited is one of the conspirators with the corporate officers to withdraw and misappropriate the securities, the stockholders need not request the trustee to bring suit to protect the securities before suing therefor themselves.

BUILDING AND LOAN ASSOCIATIONS—ASSETS—TRUSTEE FOR ASSETS—AUTHORITY TO APPOINT.

14. Title 44, chapter 3, L. O. L., "of building and loan associations," is complete in itself, and does not authorize the winding up of the affairs of a savings and loan corporation by a trustee, and title 44, chapter 1, relates to private corporations in general, section 6701 of which confines the right to dissolve a corporation by the selection of a trustee to those corporations organized under the chapter. *Held,* that there was no authority for appointing a trustee to wind up the affairs of a building and loan association.

From Multnomah: ROBERT G. MORROW, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is a suit by Mattie A. North, C. I. Scoffins, H. E. Miller, Richard M. Scott, John T. Anderson, Louis Trummer, Barthold Buchele, John Carey, R. A. Carter, L. E.

Anderson, W. A. Robb, Jessie A. Sine and Arnold Sine as stockholders of the Union Savings & Loan Association, against the Union Savings & Loan Association, a corporation, Moses Billings, L. D. McArdle, F. O. Downing, E. A. Baldwin, C. W. Miller, E. E. Miller, F. W. Sheffield, and the Co-operative Investment Company, a corporation, to compel the defendants to account for assets of the association which they are alleged to . have unlawfully absorbed.  At the trial, after the taking of testimony had begun, respondents objected to the admission of further evidence on the ground that the amended complaint did not state facts sufficient to constitute a cause of suit.  The objection was sustained, and the court refused to receive further evidence.  This action by the court constitutes the first assignment of error.  Appellants applied for leave to amend, at the trial, as to respondent F. W. Sheffield, by adding an allegation that he knew the insolvent condition of the association at the time he received a certain note and mortgage in lieu of his stock.  The court held that such amendment would not be sufficient, and denied the application.  This ruling constitutes the second assignment of error.

The amended complaint, in substance, is as follows: The Union Savings & Loan Association is a corporation under the laws of Oregon, and it complied with the law relating to such association by depositing all its mortgages and other securities in trust for all its stockholders and creditors, and by making annual statements to the Secretary of State.  Plaintiffs are stockholders of the association in amounts aggregating $11,616.  Defendants Billings, McArdle, Downing, Baldwin, and C. W. Miller are directors of the association, and they constituted a majority of the directors.  Defendant Co-operative Investment Company is a corporation, organized by the directors of the association for the express purpose of absorbing the assets of the association and procuring the same for the

individual benefit of the directors. The officers of the association have transferred nearly all of its assets to the investment company and to preferred stockholders at grossly inadequate prices, a particular description of which is unknown to plaintiffs. They have transferred to defendant Sheffield a certain mortgage upon which the sum of about $3,000 was due in settlement of certain stock held by him in the association for a much smaller amount, the association at that time being insolvent, and being now unable to pay its stockholders any sum whatever. The directors persuaded many stockholders of the association to exchange their stock therein for stock in the investment company, and such stock in the association was re-issued in the name of defendant Baldwin for the purpose of obtaining a controlling interest therein. In this manner he did procure enough stock to control a majority of the votes of the association. The directors, with intent to defraud plaintiffs and other stockholders, withdrew all of the mortgages and other securities held in trust, which they disposed of to preferred creditors and stockholders and left plaintiffs without any securities whatever, thus making an unlawful disposition of the assets and the proceeds applied in payment of stock held by the directors. They then held a stockholders' meeting for the alleged purpose of electing a trustee to close the affairs of the association, but such action was taken to elect as trustee one of their number to conceal their past transactions, and to prevent plaintiffs and other stockholders from obtaining the amounts invested by them or any portion thereof.

The objections urged against the amended complaint and sustained by the trial court were: (1) That it fails to state that plaintiffs had requested the directors to begin suit in the name of the association to recover the assets; and (2) that plaintiffs are not alleged to have been stockholders at the time the wrongs complained of occurred.

Respondent Sheffield objected, further, that as to himself it was not shown that his actions were either fraudulent or wrongful.

REVERSED AND REMANDED as to all parties except F. W. Sheffield.

For appellants there was a brief and an oral argument by *Mr. L. E. Latourette.*

For respondents (except L. D. McArdle, and F. W. Sheffield) there was a brief over the names of *Mr. John H. Hall,* and *Mr. Jesse Stearns,* with an oral argument by *Mr. Hall.*

For respondent F. W. Sheffield, there was a brief and an oral argument by *Mr. John B. Cleland.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. We are of the opinion that the court below erred in holding that the complaint failed to state a cause of suit. As a general rule, a stockholder in a corporation is not allowed to sue to prevent misappropriation of corporate securities without first requesting the board of directors, and, in case of their refusal to act, then stockholders to proceed against the wrongdoers in the name of the corporation: *Hawes* v. *Oakland,* 104 U. S. 450 (26 L. Ed. 827) ; *Brewer* v. *Boston Theater,* 104 Mass. 378; *Foss* v. *Harbottle,* 2 Hare, 461. But the rule above announced has its exceptions, and one of these is in that class of cases in which it appears from the complaint that an application to the board of directors or to the stockholders would be useless. Thompson, Corporations, § 4504; Cook, Corporations (6 ed.) § 741; Morawetz, Corporations (2 ed.) § 242.

The complaint in this case sets forth sufficiently that the directors, the trustee, and a majority of the stockholders are engaged in a conspiracy to unlawfully make away with the assets of the corporation, and such being

the case it would be useless to apply to them to cause a suit to be brought against themselves for an accounting.

2, 3. It is also claimed by respondents that the complaint is defective because it does not show that plaintiffs were stockholders at the time the alleged wrongs were perpetrated. The complaint is not clear in this respect, though it does allege that the directors disposed of the assets with intent to defraud plaintiffs and other stockholders, thus alleging by fair implication that plaintiffs were stockholders. In the absence of a demurrer or motion to make more definite and certain, we think this was sufficient, and, if it were not, we do not think the absence of such allegation fatal to the complaint. The assets of the corporation constitute a trust fund for all the stockholders, and this is especially the case with building and loan associations in this State, where by Section 6748, L. O. L., all mortgages and other securities are required to be kept and held in trust for all the members and creditors of the corporation.

The United States courts have held that complaints in cases of this character should show that the plaintiff was a stockholder at the time the alleged wrongs were committed, but this seems to be a holding peculiar to these courts, and having for its object the prevention of collusive assignments of stock between citizens of different states made with the intent to avoid the jurisdiction of the State courts. The operation of such a rule in the United States courts is just and salutary because it still leaves the injured party to his remedy in the local courts of his own state, but to apply it generally in the state courts would work injustice and hardship, and the better opinion is against it. Cook, Corporations (6 ed.) § 736; *Montgomery Light Co.* v. *Lahey,* 121 Ala. 131 (25 South. 1006) ; *Earle* v. *Seattle, Co.* (C. C.) 56 Fed. 909; *Forrester* v. *B. & M. Mining Co.,* 21 Mont. 544 (55 Pac. 229, 353).

4. The complaint did not state facts sufficient to constitute a cause of suit against defendant Sheffield, and we will not interfere with the court's exercise of its discretion in refusing to allow plaintiffs to amend. There had already been one amended complaint filed, and the plaintiffs had allowed this litigation to slumber for several years without attempting to urge it to issue or trial, and they were not in a position to demand leniency from the court. It is also urged by defendants that the complaint is defective because plaintiffs sue only in their own name and not on behalf of themselves and all others similarly situated. If such an allegation were necessary, which we do not decide, its omission in the complaint merely amounts to a defect of parties plaintiff: *Hiscock* v. *Lacy,* 9 Misc. Rep. 578 (30 N. Y. Supp. 860.) ; *Stewart* v. *Erie & Western Transportation Co.,* 17 Minn. 372 (Gil. 348). And such defect is waived by failure to raise it by demurrer or answer. Sections 68, 72, 395, L. O. L. Notwithstanding the form of the complaint, the recovery is still for the corporation or those stockholders similarly situated, and the court may, in its discretion, direct such parties to be brought in, or may, by final decree, so dispose of any proceeds of the suit as to do justice to all entitled to share in the proceeds of any fund that may be recovered in an accounting: *Thompson* v. *Stanley* (Sup.) 20 N. Y. Supp. 317.

The decree of the circuit court will therefore be reversed as to all parties except defendant Sheffield, and as to him it will be affirmed; and this cause will be remanded to the circuit court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED as to all respondents, except F. W. Sheffield. AFFIRMED as to him.

Decided  September  19,  1911.

## ON REHEARING.

[117  Pac.  825.]

MR. JUSTICE MCBRIDE delivered the opinion of the court.

5. It is claimed on rehearing that the complaint is fatally defective in other respects than those passed upon in the original opinion and we will now consider each of these objections *seriatim,* always bearing in mind the rule that, when an objection to the sufficiency of the complaint is made for the first time upon the trial, the court will construe the allegations more liberally than when a like objection is raised by demurrer. The first objection, we think, is fully disposed of in the original opinion, and need not be further considered.

6. The second objection is that it is not alleged that Billings, Downing, McArdle, Baldwin, and Miller were directors at the time the alleged wrongful acts were committed. The fourth paragraph of the complaint alleges that these persons are directors of the corporation, using the present tense. The next 13 paragraphs are merely formal, alleging the number of shares held by each of the plaintiffs. In paragraph 18 it is alleged that McArdle was president of the Union Savings & Loan Association until recently, and that now Billings is president. Therefore, in charging the various alleged wrongful acts committed to the detriment of plaintiff, they are said to have been committed by "said officers and directors." We are of the opinion that, in the absence of a demurrer or motion to make definite and certain, this is sufficient to indicate that the officers previously named are those who committed the alleged wrongs.

7. Paragraph 19 alleges that the said officers and directors have sold and conveyed to the Co-operative Investment Company certain described parcels of real estate situated in Tremont, Central Albina, and Columbia

Heights, at grossly inadequate prices, which are named and which range from $10 to $100; that such properties "are" improved (using the present tense) and are worth not less than $3,000. There is no allegation of their value at the time of sale, or that they were then improved, or that the officers knew that they were of any greater value than the prices received for them, or that the officers had any fraudulent intent in making the sale. There is nothing in this paragraph upon which the court could have properly admitted any evidence. The twenty-first paragraph charges upon information and belief that the directors of the Union Savings & Loan Association have sold and transferred to the Co-operative Investment Company and to preferred stockholders nearly all the other properties of the Savings & Loan Association at grossly inadequate prices, the properties being situate in Oregon, Idaho, and Washington, and that plaintiffs are unable to state the value of the properties, and that the same were deeded by the officers and directors of the Savings & Loan Association without first holding a meeting of the board of directors or passing a resolution authorizing its officers to execute the deeds required by law.

8. As a general rule, it is not sufficient to charge a fraud upon information and belief without giving the ground upon which the belief rests or stating some fact from which the court can infer that the belief is well founded. Further, our code requires a plain statement of the facts constituting the cause of suit, and these facts should be stated positively. The verification is to the effect that the plaintiff verily believes the complaint to be true. When a party alleges in his complaint that he believes a certain fact to be true, and in his verification swears that he believes his complaint to be true, the effect of the whole is that he has sworn that he believes that he believes that the allegation is the truth, which is an absurdity. A charge for perjury could not be predicated upon a

verification of this character if false. "An allegation of fraud made upon information and belief cannot be sustained unless the facts upon which the belief is founded are stated in the pleading." 10 Ency. Pl. & Pr. 855, and cases there cited. This is a mere fishing allegation and should be disregarded.

9. The twenty-second paragraph relates to the transaction which Sheffield mentioned in our original opinion. It alleges that the mortgage was for $3,000, but does not charge that it was actually worth anything or that the stock exchanged by Sheffield was worth less than the mortgage, or that he knew of any infirmity in the transaction or that anybody was financially injured by it. It is wholly insufficient to constitute a cause of suit against Sheffield.

10. The twenty-third paragraph charges that the officers and directors of the Savings & Loan Association have for more than two years prior to the commencement of this suit been paying dividends to certain of its preferred stockholders when in truth the association was hopelessly insolvent. It appears from the complaint that the association was a going concern, and it is not charged that the officers knew it to be insolvent, or that their payments were unlawful or such as they could avoid making. There is no limitation prescribed by law on the different classes of stock that the association may issue, and there is nothing in the complaint to indicate that the stockholders mentioned were not lawfully preferred. Section 6747, L. O. L., after providing that nothing in that section shall prohibit the issue of different classes of stock, give express authority for the issuance of reserve fund stock, and provides that it shall not be subject to withdrawal until all claims of other shareholders and of all creditors shall have been fully paid and liquidated. The effect of this is to prefer every other class of stock to the reserve fund stock, and there is nothing in the complaint to indicate

that the stock held by plaintiffs was not of the latter character.

11. Paragraph 24 alleges:

"That the said officers and directors of the said defendant, the Union Savings & Loan Association, have persuaded a large number of the stockholders thereof to relinquish their stock in said association, and, in lieu thereof, accept stock in said Co-operative Investment Company, and, when said stock in said Union Savings & Loan Association was so surrendered, it was reissued in the name of the defendant, E. A. Baldwin, for the purpose of owning a controlling interest in said Union Savings & Loan Association, and the said E. A. Baldwin did procure in his name sufficient of said stock to control a majority of the votes of the said stock of said Union Savings & Loan Association."

There is nothing to indicate that the officers named used any undue or fraudulent means to induce stockholders to exchange stock in the Savings & Loan Association for stock in the Co-operative Company, or that the reissue to Baldwin was made in any irregular or fraudulent manner or without consideration. He had a right to procure as many shares as he could pay for and to own a controlling interest if he could get it. So far, no substantial cause of suit is shown, and, if the complaint concluded here, the court might well have dismissed the proceeding.

12. But the remaining allegations show that, after McArdle had obtained control of a majority of the stock of the Savings & Loan Association, he and his associates, with intent to cheat and defraud the plaintiffs, withdrew $82,000 of the mortgages and securities of the company from the trust deposit, and proceeded to swap these securities to stockholders and to secretly dispose of them, so that plaintiffs could obtain no benefit from said fund, and that they refuse to give plaintiffs any information as to how the assets have been disposed of, and that they have chosen Miller as trustee of the company with the intent to keep secret and cover up their past transactions.

By Sections 6748, 6749, 6750, L. O. L., savings and loan associations are required to deposit their mortgages and securities either with the Secretary of State or with some duly chartered trust company, as a trust fund, for all the stockholders, and such securities can only be withdrawn for the purpose of foreclosure or when the same have been paid. The withdrawal of them for any other purpose constitutes a fraud in law upon the stockholders for which the law will afford a remedy, and every stockholder is entitled to require an accounting; and, if the proceeds of these unauthorized transfers by the officers has impaired the trust fund to their injury, they should be compelled to make good the deficit.

13, 14. It is contended that plaintiffs should first have sought redress within the corporation and first should have demanded that the trustee should sue, but to this there are two answers:   (1) That where the complaint charges, as in this case, that the trustee is one of the conspirators and active in the conspiracy, an application to him is not required.   (2) That there is no statute in this State providing for the selection of a trustee for the purpose of winding up the affairs of a savings and loan association.   Chapter 3, Title 44, L. O. L., is a statute complete in itself, and there is no provision for the winding up of this corporation by the intervention of a trustee. Chapter 1, Title 44, L. O. L., treats of corporations in general, and Section 6701 of this title expressly confines the right to dissolve a corporation by the selection of a trustee to wind up its affairs to such corporations as are organized under the provisions of this chapter.   The defendant company, having been organized under the provisions of a different chapter, cannot claim the benefit of the provisions of the preceding chapter.   How far the choice of Miller as trustee may operate as an equitable assignment for the benefit of creditors and stockholders it is not now necessary to inquire. It seems plain that he

has no legal status as trustee to wind up the affairs of this corporation.

While the complaint is badly drawn and fails to state fully and definitely many things which ought. to be so stated, we are of the opinion that, in the absence of a demurrer or other motion to make more definite, it is sufficient to sustain a decree. Perhaps the plaintiffs would have chosen the wiser course had they acquiesced in the ruling of the circuit court and began a new suit, with a complaint more completely and artistically drawn. But, badly drawn as it is, it states a cause of suit in respect to the matters herein indicated, and we therefore adhere to our former opinion.

FORMER OPINION ADHERED TO.