Motion to dismiss appeal overruled March 21, 1922, argued April 15,
affirmed June 23, 1925.

# FRED LIDFORS *v.* H. A. PFLAUM.

### (205 Pac. 277; 236 Pac. 1059.)

**Appeal and Error—Notice of Appeal must be Served upon All "Adverse Parties."**

1. The Supreme Court has no jurisdiction to review a judgment
until the notice of appeal is served upon all the adverse parties, and
the term "adverse party" is not necessarily confined to plaintiffs
as against defendants, or *vice versa*, in view of Sections 180, 181,
Or. L.

**Appeal and Error—Joint Tort-feasor not Adverse Party upon Whom Notice of Appeal must be Served.**

2. Where two defendants were sued in tort, and verdict and
judgment were rendered against one and silent as to the other,
and the one against whom judgment was entered appealed, the other
defendant was not an adverse party upon whom it was necessary
to serve notice of appeal.

### ON THE MERITS.

**Municipal Corporations—Complaint for Injuries in Collision Held to State Cause of Action Against Both Defendants.**

3. In action for injuries sustained when, without warning, both
cars of defendants turned to left and one of them collided with
plaintiff, complaint *held* to state cause of action against both defendants.

**Municipal Corporations—Violation of Statute and City Ordinance Constitutes Negligence Per Se.**

4. Violation of state statute and city ordinance, by turning motor
vehicle to left without warning, constitutes negligence *per se.*

**Pleading—Every Reasonable Intendment Made in Favor of Complaint on Delayed Objection to Sufficiency.**

5. Every reasonable intendment should be made in favor of complaint, where defendant has waited until case has been set for trial,
jury impaneled, and witnesses *subpoenaed*, before an objection is
raised to its sufficiency.

**Trial—Examination of Prospective Juror, as to Whether Any Company He Represented Held Policy on Defendant, Held not Reversible Error.**

6. In action for injuries sustained by plaintiff when struck by
defendant's automobile, examination of prospective juror, who stated

1. Parties entitled to notice of appeal, see notes in 13 Ann. Cas.
181; 21 Ann. Cas. 1277. See, also, 2 R. C. L. 115.

4. Violation of statute or ordinance as actionable negligence, see
note in Ann. Cas. 1917E, 852. See, also, 20 R. C. L. 38.

6. Comment of counsel on fact defendant insured, see note in
Ann. Cas. 1914A, 951.

that he was agent for several casualty insurance companies, whether any of the companies whom he represented held a policy on defendant, *held* not error, where question was put in good faith.

**Jury—Party may Ascertain Occupation of Juror and Extent of His Possible Interest in the Trial.**

7. A party, within reasonable limits, and in good faith, may ascertain occupation of a juror and extent of his possible interest in the trial.

**Trial—Inquiry into Talesman's Relation to Casualty Insurance Company must be Made in Good Faith.**

8. An inquiry into a talesman's relation to casualty insurance company must be made in good faith, and not with a view to getting before jury fact that result of an adverse verdict will fall on an insurance company and not on defendant.

**Municipal Corporations—Ordinance Regulating Motor Vehicles Held not to Conflict With State Law.**

9. Ordinance, requiring all vehicles proceeding in opposite directions to pass to the right, and prohibiting driving thereof in a negligent manner, and requiring driver of any vehicle about to turn to give an unmistakable signal indicating direction thereof, *held* not to conflict with state law.

**Municipal Corporations—Ordinances must Yield When in Conflict With Statute.**

10. City ordinances, regulating motor vehicles, when in conflict with state law, must yield to right of state to protect its citizens and strangers.

**Appeal and Error—Introduction by Defendant of Improper Testimony That His Codefendant Carried Liability Insurance, Held not Reversible Error.**

11. In action against two defendants for injuries, introduction by one defendant of testimony that appealing defendant stated he carried liability insurance *held* not reversible error, where appealing defendant did not move for a new trial or make other defendant a party to appeal, and it did not appear that such testimony caused larger verdict.

**Trial—Modification of Instructions by Adding That Question of Negligence was for Jury Held not Improper.**

12. In action for injuries sustained by plaintiff, when struck by defendant's truck, modification of instructions, as to care required of driver and exercise of judgment in an emergency, by adding that question of negligence was still for jury, *held* not improper.

---

See (1) 28 **Cyc.** 45. (2) 28 **Cyc.** 37. (3) 31 **Cyc.** 82. (4) 35 **C. J.** 394. (5) 35 **C. J.** 393. (6) 35 **C. J.** 395. (7) 28 **Cyc.** 701. (8) 28 **Cyc.** 701. (9) 3 **C. J.** 976; 4 **C. J.** 988. (10) 38 **Cyc.** 1721.

7. See 16 **R. C. L.** 246.
9. See 2 **R. C. L.** 1173.

From Multnomah: ROBERT G. MORROW, Judge.

In Banc.

MOTION TO DISMISS OVERRULED.

*Messrs. Olson, Dewart & Bain,* for the motion.

*Messrs. Griffith, Leiter & Allen, contra.*

*Mr. Oscar Furuset,* for defendant.

BURNETT, C. J.—The plaintiff brought action against the two defendants, charging them in tort for personal injuries to himself said to have been caused by their concurrent negligence. The jury found a verdict in favor of the plaintiff and against the defendant Pflaum for $1,500, but was utterly silent as to the defendant McClain. Upon this verdict a judgment was rendered in favor of the plaintiff and against Pflaum, which in turn was also silent as to McClain. Pflaum appealed, serving his notice of appeal only upon the plaintiff and not upon McClain. The plaintiff now moves to dismiss the appeal on the ground that the notice of appeal has not been served upon all the adverse parties.

1. The litigants agree to the principle that this court has no jurisdiction to revise the judgment of a Circuit Court unless the notice of appeal is served upon all the adverse parties. It is likewise axiomatic that the term "adverse party" is not necessarily confined to plaintiffs as against defendants, or *vice versa,* but that defendants may be adverse to each other and that the same may be said of plaintiffs. It has been held in many precedents that on appeal he is an adverse party whose interest would be affected unfavorably to him by a reversal of the judg-

ment appealed from; or, stating it differently, that, as to the appellant, he is an adverse party who is interested in sustaining the judgment or decree from which the appeal has been taken: *The Victorian,* 24 Or. 121 (32 Pac. 1040, 31 Am. St. Rep. 838); *Moody* v. *Miller,* 24 Or. 179 (33 Pac. 402); *In re Waters of Chewaucan River,* 89 Or. 659 (171 Pac. 402 175 Pac. 421). The following rules have been laid down in the Code of Civil Procedure, respecting the entry of judgment:

"Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side as between themselves." Section 180, Or. L.

"In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, whenever a several judgment is proper, leaving the action to proceed against the others." Section 181, Or. L.

It is well settled that a joint tort-feasor cannot complain if his codefendant escapes liability by obtaining a favorable verdict or otherwise, the reason being that no contribution towards payment of the judgment can be enforced, as a general rule, between joint tort-feasors. In other words, as between defendants sued jointly for tort, neither one is concerned about whether the other is cast in judgment or not. So here, as between the defendants, it is no concern of Pflaum that McClain escaped an adverse judgment. Neither does it affect McClain that Pflaum was defeated in the action. It may be possible that the verdict obtained was irregularly secured, owing to error in the admission of testimony or for other reasons, about which we make no intima-

115 Or.—10

tion. But the only one who can complain of that feature as against McClain is the plaintiff, and he has not appealed.

2. It is said in many cases that a verdict silent as to one alleged joint tort-feasor is a finding in his favor on all the issues, and that he is entitled to judgment that the plaintiff take nothing by his action: *Doremus* v. *Root,* 23 Wash. 710 (63 Pac. 572, 54 L. R. A. 649); *Jones* v. *Grimmet,* 4 W. Va. 104; *Westfield etc. Milling Co.* v. *Abernathy,* 8 Ind. App. 73 (35 N. E. 399). In *Buckles* v. *Lambert,* 61 Ky. 330, a verdict against several joint tort-feasors was set aside as to one and it was held to be proper to render judgment against the others. In *Birkel* v. *Chandler,* 26 Wash. 241 (66 Pac. 406), there was a verdict rendered against two defendants in an action *ex delicto,* which was set aside and the action dismissed as to one defendant; and it was there held not erroneous to render a judgment against the other defendant, because each was severally liable for the whole damage.

It is true that in the instant case no judgment was rendered one way or the other against McClain. That, however, is no concern of Pflaum, and the plaintiff has not expressed his disapproval of that situation. The case was at issue as to both defendants sued together. There was a single trial, resulting as only it could in a single judgment on that trial. The plaintiff could not have tried the case first as to one defendant and afterwards as to the other; nor could the defendants have demanded separate trials. It is true that a single judgment may affect differently several parties jointly charged; but, remembering that neither defendant is in anywise affected by the result of the judgment as to the

other, it is plain that while the present judgment stands, the plaintiff cannot get another against any defendant. This one is a conclusion of the whole matter and must be respected as between McClain and the plaintiff in the absence of an attack upon it by the latter. Pflaum is entitled to attack it as against himself but not as to McClain, and it is legitimate for this court to affirm, modify or reverse it as to Pflaum without disturbing it as between the plaintiff and McClain.

The elements upon which a judgment in favor of McClain might have been rendered are present in the record and against that feature of the case no objection has been made. We do not intimate anything about the power or duty of the trial court to enter a judgment for McClain on the verdict, but even if that were done it would be only a part of one entire judgment, the result of a single trial. It is enough to say that so far as the record disclosed there is nothing to hold McClain. Since he is not concerned in Pflaum's fate and Pflaum is not concerned in that of McClain, it is a matter of no moment to the latter what becomes of the judgment against Pflaum. They are not adverse to each other. The verdict has severed them and freed them from the joinder which the plaintiff formulated in his complaint. Each may hereafter pursue his own course in this litigation as if the other had not been made a party to the action. As the plaintiff has not complained of the result of the litigation as to McClain, he is in no position to say that McClain should have been served with notice of appeal.

It would have been competent for the plaintiff to institute an action against either of the defendants separately, pursuing his litigation against both of them at the same time, and to obtain judgment in

each case; and neither defendant could have complained that the other defendant should have been joined with him, because the liability for tort is both joint and several. Moreover, after having commenced an action against both of them as joint tortfeasors, the plaintiff could have dismissed the proceeding as to one and continued against the other. An equivalent result is reached by the proceeding in this case ending in a verdict silent as to one of the defendants. The deduction is that McClain cannot be affected by the affirmance or reversal of the judgment against Pflaum, and is not an adverse party within the meaning of the statute requiring the notice of appeal to be served on all the adverse parties. The motion to dismiss the appeal must be overruled.          MOTION TO DISMISS OVERRULED.

ON THE MERITS.

(236 Pac. 1059.)

This is an action to recover for an alleged injury sustained by plaintiff by reason of an atuomobile accident upon the streets of the City of Portland.

The complaint begins by alleging a certain ordinance of the City of Portland entitled: Ordinance No. 32,923, as amended by Ordinance No. 35,875, the provisions of which ordinance, so far as they pertain to this case, are as follows:

"Vehicles proceeding in opposite directions shall pass to the right, giving half of the road to each.

"It shall be unlawful for any person, whether or not such person is driving at a lawful rate of speed, to drive or operate any vehicle or street car in a careless or negligent manner.

"The driver of any vehicle about to turn from either a standstill or while in motion shall give a timely, plainly visible and unmistakable signal indicating the direction of the turn."

The complaint then continues as follows:

"That on or about July 14, 1919, the plaintiff was riding a bicycle and was riding said bicycle on Macadam Street in a northerly direction, and was riding said bicycle on the right side of said Macadam Street, close to the curb, proceeding at a lawful rate of speed.

"That at the same time the plaintiff was riding said bicycle as aforesaid, an auto truck belonging to the defendant H. A. Pflaum was being driven by an employee of said defendant south on Macadam Street, which truck was being followed by defendant C. H. McClain in his automobile, also traveling south on Macadam Street.

"That when the auto truck of the defendant Pflaum had about reached the entrance to Jones Mill on Macadam Street, the driver of said truck recklessly, carelessly and negligently, and without due regard to the rights of others who might be lawfully using said streets, and of this plaintiff in particular, and in violation of the laws of the State of Oregon regarding the use and operation of automobiles and vehicles on streets and public highways and without giving any signal or warning of his intention to turn or change the course of direction of said auto truck, suddenly swerved and turned to the left, and the defendant McClain, recklessly, carelessly and negligently, and in violation of the laws of the State of Oregon regarding the use and operation of vehicles on streets and public highways, did recklessly, negligently, carelessly and unlawfully drive his machine on the left hand side, thereby running into and colliding with plaintiff herein, throwing him forcibly from his bicycle into the street.

"That at the time of said accident plaintiff was fifteen years of age in good, sound bodily health and had an expectancy of life of 45.50 years.

"That as the result of the carelessness, negligence and unlawful operation of said auto truck of the defendant Pflaum, and the carelessness, negligence and unlawful operation of said automobile by defendant

McClain, plaintiff sustained severe injuries whereby his right knee was badly injured, his head injured causing plaintiff to suffer from concussion of the brain, his arms were injured because the automobile of defendant McClain ran over them, and that the proximate cause of these injuries was such negligence and carelessness of these defendants."

The defendant Pflaum answered with a substantial denial of every allegation of the complaint except that during all of the times mentioned he was doing business under the name of the Fulton Wood Company, and that plaintiff met with an accident at the date mentioned in the complaint; and alleging that said accident occurred without fault or negligence whatsoever on the part of the defendant.

The defendant McClain answered denying substantially all the allegations of the complaint excepting the fact that the plaintiff was injured, admitting the accident, and alleging that Pflaum was doing business under the name of Fulton Wood Company, alleging that Macadam Street, where the accident occurred, was a public highway or street in the City of Portland, and setting up the same ordinance that is set up in the complaint and alleging that plaintiff, at the time of the accident, was riding a bicycle on the right-hand side of Macadam Street, which is on the east side of said street, and was going in a northerly direction close to the curb proceeding at a lawful rate of speed.

The answer continues as follows:

"That on or about July 14, 1919, the plaintiff was riding a bicycle and was riding said bicycle on Macadam Street in a northerly direction, and was riding said bicycle on the right side of Macadam Street, close to the curb, proceeding at a lawful rate of speed.

"That about the same time that the plaintiff was riding his bicycle as aforesaid, the auto truck belonging to the defendant, Pflaum, was being driven south on Macadam Street by an employee of said defendant Pflaum, and traveling near the center of Macadam Street, which truck was being followed by this defendant in his automobile, also traveling south on Macadam Street.

"That this defendant in his automobile traveling at a lawful rate of speed and with due regard to the rights of others who might be using said streets and in compliance with all the ordinances of the city of Portland relating to the use of its streets by motor vehicles, overtook the truck of the defendant Pflaum, and signaled by sounding his horn that this defendant intended to pass the truck of the defendant Pflaum. This defendant started to pass the truck of the defendant Pflaum on his left as is provided by the ordinance of the city of Portland, and the front wheels of the automobile of this defendant were overlapping the rear wheels of the auto truck of the defendant Pflaum, and on the left of said auto truck of said defendant, when the driver of said truck belonging to the defendant Pflaum recklessly, carelessly and negligently, and without due regard to the rights of others who might be lawfully using said streets, and of this defendant in particular, and in violation of the laws of the State of Oregon, regarding the use and operation of automobiles and vehicles on streets and public highways and without giving any warning or signal of his intention to turn or change the course of direction of said auto truck and in violation of the city ordinance above pleaded and of the laws of the State of Oregon, suddenly swerved and turned to the left, thereby causing this defendant, in an endeavor to prevent a collision with the auto truck of the defendant, Pflaum, to swerve sharply to the left and swing to the left hand side of the street, and in doing so this defendant ran into and collided with the plaintiff herein who had just passed in front of the truck of the defendant, Pflaum.

"That this defendant at the time of said accident did not and could not see the danger and peril of the plaintiff in time to avoid a collision with said plaintiff by the diligent use of the means in hand; that this defendant at said time was keeping a sharp lookout ahead and was operating his said automobile in a careful, lawful and proper manner, and was exercising every care and precaution necessary to the lawful and careful operation of his said automobile, and that due to the carelessness and negligence of the defendant, Pflaum, as hereinabove alleged, in swerving and turning his said auto truck to the left, as above alleged, this defendant was placed in a sudden emergency, and that this defendant in endeavoring to escape from the danger and peril he was placed by the said negligence and carelessness of the defendant, Pflaum, as above alleged, collided with the plaintiff, and that this defendant upon discovering the danger and peril of the plaintiff attempted to stop his automobile and to avoid a collision with plaintiff, and used every means in his power to avoid colliding with plaintiff, and that due to the sudden emergency in which this defendant was. placed by the carelessness and negligence of said defendant, Pflaum, as above alleged, this defendant was unable by the diligent exercise of the means at hand to prevent a collision with said plaintiff. That the carelessness and negligence of the said defendant, Pflaum, as above alleged, was the proximate cause of said accident, and that this defendant was not negligent in any respect whatsoever, and that this defendant after discovering plaintiff's peril and danger did all in his power in the sudden emergency caused by the carelessness and negligence of the said defendant, Pflaum, as above alleged, to avoid by the diligent use of the means in hand colliding with and injuring plaintiff, and that this defendant under the doctrine of last clear chance is not liable for said accident."

The defendant Pflaum answered denying generally all the material allegations of McClain's answer.

At the trial the jury returned a verdict in favor of the plaintiff and against Pflaum for the sum of $1,500. Whereupon the court gave judgment upon such verdict, from which judgment the defendant Pflaum appealed, not making his codefendant McClain a party to such appeal. There was no demurrer to plaintiff's complaint and at the trial the defendant Pflaum for the first time objected to any testimony as against him for the reason that the complaint did not state facts sufficient to constitute a cause of action, which objection was overruled and the parties proceeded to trial.                         AFFIRMED.

For appellant there was a brief over the name of *Messrs. Griffith, Leiter & Allen,* with an oral argument by *Mr. A. G. Barry.*

For respondent there was a brief over the name of *Messrs. Olson, Dewart & Bain,* with an oral argument by *Mr. Conrad P. Olson.*

McBRIDE, C. J.—By the excerpts from the complaint given here, it will be seen that it in effect states that plaintiff was lawfully proceeding north on the east and right-hand side of Macadam Street; that defendant's truck was proceeding south on Macadam Street and defendant McClain's car was following the truck in the same direction, and that without warning or signal both cars turned to the left and across the right of way, which the law accords to the plaintiff and McClain's car collided with plaintiff's vehicle, inflicting the injury, the accident occurring as the result of the joint negligence of the defendants.

3. The complaint does not go further into detail, but it does imperfectly state a cause of action against

both defendants. There was no demurrer filed, nor was there any motion to make more definite and certain. The defendant Pflaum answering as he did by general denial, the effect of which indicated that he was sufficiently advised of the details upon which plaintiff relied to sustain his recovery.

4. The complaint alleged facts, which show a clear violation by both defendants of the statutes of the state, which constitute negligence *per se;* also a violation of a city ordinance, which also contitutes negligence *per se,* and alleges that these acts were the proximate cause of the injury.

5. The complaint is not by any means a model of good clear pleading, but it does in an awkward way state the acts constituting negligence, and every reasonable intendment should be made in favor of its validity where a defendant has waited until the case has been set for trial, the jury impaneled, the witnesses subpoenaed, and the plaintiff has been put to all the cost and expense of these preliminaries, before an objection has been raised to the sufficiency of his pleading. So long as the complaint states even indefinitely a cause of action, the court ought to make every reasonable intendment in its favor: *North* v. *Union Savings & Loan Assn.,* 59 Or. 483, 491 (117 Pac. 822) ; *Cederson* v. *Navigation Co.,* 38 Or. 349, 350 (62 Pac. 637, 63 Pac. 763) ; *Siverson* v. *Clanton,* 88 Or. 261, 168 (170 Pac. 933, 171 Pac. 1051).

6, 7. One of the principal objections urged by the defendant is the action of the court in allowing a question to be put to a prospective juror, which tended to suggest to the jurors that defendant had indemnity insurance. The question arose when Mr. Page, in answer to a question as to his qualifications put by plaintiff's counsel, stated that he was agent

for several casualty insurance companies. Whereupon, counsel for plaintiff asked the following question: "Do any of the companies you represent hold a policy on the defendant Fulton Wood Company?" To which question defendant objected and his objection was overruled. The answer to the question does not appear, but it does appear that the juror was not accepted. It is ably argued that in no case has a plaintiff the right to ask a question which tends to intimate to the panel that a defendant's liability is covered by insurance, but we do not hold this to be the law. On the contrary, we are of the opinion it is the privilege of a party, within reasonable limits and in good faith, to ascertain the occupation of a juror and the extent of his possible interest in the trial, and the question here went no further than this. Page, in answer to a question not objected to, stated that he was agent for several casualty insurance companies.

8. It was natural and proper for plaintiff's counsel to ascertain whether any one of these several companies had issued an indemnity policy to defendant. Nobody can reasonably contend that if such were the case, the resident agent of such company would be a competent juror. Counsel for plaintiff would have been negligent of his client's interest had he failed to inquire as to this fact. The question was justifiable under the particular circumstances disclosed here: 35 C. J. 393, 394, § 439. This question is exhaustively discussed by Mr. Justice BURNETT in *Putnam* v. *Pacific Monthly Co.,* 68 Or. 36 (130 Pac. 986, 136 Pac. 835, 45 L. R. A. (N. S.) 338), and, from the authorities there cited, we think the rule may be fairly deduced that, while under particular circumstances the talesman's relation to a casualty insur-

ance company may be properly inquired into, such inquiry must be made in good faith and not, as is frequently the case, with a view to getting before the jury the fact that the result of an adverse verdict will fall upon an insurance company and not upon the defendant. In the case last cited one of the features of the examination of jurors upon the *voir dire* was a question asked of every juror as to whether he was a stockholder in the Employers' Liability Assurance Corporation of London, England. An absurd question patently not asked in good faith, but with the evident intent to get before the jurors the impression that the defendant was insured in that company. We held this to be ground for reversal. In *Tuohy v. Columbia Steel Co.*, 61 Or. 527, 531 (122 Pac. 36), considering the same proposition, we said:

"It has been frequently held that a willful attempt by a plaintiff in a personal injury case to show that the defendant was protected by insurance constitutes reversible error. The ground for this holding is that a knowledge that the defendant has such protection might have a tendency to render jurors careless as to the amount of the verdict. But the rule is not universal. In the case at bar the witness was an attorney, and the fact that as such and acting for an insurance company he had procured a statement from a prospective witness in regard to certain facts was admissible to show his motive and interest in the case. An objection to the question was sustained, and there is no probability that the incident had any effect upon the minds of the jury. Where such questions are improperly asked, with the intent to get before the jury a fact not material to the case, the court should penalize the party guilty of such misconduct by discharging the jury. But in this case the question asked was one which might naturally suggest itself under the circumstances, and does not seem to have been dictated by a desire to excite that prejudice, which many jurors seem to entertain

against insurance companies, and, as before observed, was not asked in a manner likely to have had such an effect.''

In *Cameron* v. *Pacific Lime & Gypsum Co.,* 73 Or. 510 (144 Pac. 446, Ann. Cas. 1916E, 769), counsel for plaintiff was permitted, over objection and without the slightest reason therefor, to drag into the case on cross-examination the fact that the defendant was insured against accidents and we held this to be reversible error. We see no error as far as the examination of the Juror Page is concerned.

9. There is no conflict between the state law in regard to the driving of motor vehicles and the city ordinance quoted. The city made such rules as seemed to the council adequate, and punished their infraction by a criminal penalty. The state, without repealing these rules, has added others designed for the protection of citizens of the state generally, and has prescribed severe penalties. It would be a sad commentary on the wisdom of the electorate if we should hold that the movement of a citizen of the state or a traveler from abroad was subject to the whim of every municipality, great or small, between the Columbia River and the California line as to the rate of speed he should drive and the care he should exercise for the protection of others lawfully using the public highway. The state law is a criminal law whose every provision would be worthless but for the penalties prescribed for its violation.

10. City ordinances may possibly be valid when not in conflict with the state. But when in conflict, they must yield to the right of the state to protect its citizens and the strangers within its gates everywhere. The question here is not what particular statute was violated, but, *was* the *law* violated? The

court's instructions went to the very verge in favor of defendant's contention, and the testimony produced by plaintiff was ample to sustain a finding that defendant's driver disregarded both the state law and the city ordinance in the particulars charged in the complaint.

Recurring again to the question of evidence as to the fact that defendant was insured, a peculiar complication is disclosed. The complaint, as previously shown, charged both the defendants with such negligence as was the proximate cause of the injury. The defendant here answered by denying everything generally. The defendant McClain answered admitting that the car driven by him actually struck the boy, but alleged in substance that he was driving south on the right-hand side of the street and following defendant Pflaum's truck. That he had given the signal to pass and was in the act of passing him on the left when the driver of the truck, without notice or signal, suddenly turned to the left and in a direction practically across the street to the east, while the front wheels of McClain's car were overlapping the rear wheels of the truck, leaving McClain in a position where he either had to swerve to the left or collide with the truck; that in necessarily so doing he ran parallel to the truck and in the same direction and his machine struck the boy who had just passed in front of the truck of defendant. That at the time of the accident the defendant could not and did not see the danger and peril to plaintiff in time to avoid a collision with him, which he charged was solely caused by the negligence of the driver of defendant's truck. The defendant Pflaum denied substantially all the allegations of the answer. So, upon the trial we have this situa-

tion,—the plaintiff charging both the defendants with negligence; the defendant Pflaum denying everything even to the ownership of the truck or its presence at the scene of the accident; and the defendant McClain admitting the accident and the fact that it was his automobile which actually struck the plaintiff, but charging that he was forced into the position which produced these damaging results as a result of the reckless and lawless conduct of the driver of Pflaum's truck. There was thus presented a three-cornered contest in which each defendant was endeavoring to escape his own liability and incidentally shoulder the result on his codefendant. This position of the two defendants is clearly outlined in their pleadings so far as they relate to each other, and is accentuated in the evidence. Each was evidently willing that the other should be made to pay, provided that he individually should escape liability. The plaintiff's counsel asked no questions as to the admissions by defendant Pflaum as to insurance, but during McClain's testimony on direct examination, in behalf of himself, the following questions were asked by McClain's attorney:

"Q. You had a conversation with Mr. Pflaum a couple of days later? Relate that; it was about this accident? A. Yes, sir.

"Q. Relate that conversation to the jury, recalling as near as you can the exact words that you used in telling him about it, and the exact words he used in speaking to you about it.

"(Over objection by defendant Pflaum and exception allowed, McClain testified as follows:)

"A. I went to see him and told him that the accident happened and that it was the fault of the wood company's truck, in making the turn, and he told me that the truck started to dodge an old man that started across the street, was why it turned and I

asked him who the driver was and he told me. And also, he said furthermore, he said, 'I have not got nothing more to do with it,' he said, 'I am insured'—

"The Court (interrupting): I cannot allow you to state that.

"Mr. Furuset: I believe you can, in stating the conversation, in charging him with the accident. It is an admission against interest here. He is only relating the conversation that occurred between the two men charged with the accident. It is an admission against interest, no matter what the conversation was. I think our supreme court has held he has a right to bring that out in the testimony.

"Mr. Barry: I move that be stricken, your Honor.

"The Witness: He told me, he says, 'You will have to go down to the insurance company,' and he told me what insurance company it was. I told him I didn't have nothing to do with the insurance company, I just wanted to stop and notify him of the accident. That was all, Mr. Pflaum will tell you the same thing.

"To which question and to the introduction of said testimony defendant, H. A. Pflaum, by his counsel, duly objected, the objection was overruled and an exception was allowed."

11. Conceding, for the purposes of this discussion, that the admission of this testimony was unnecessary and improper, is the plaintiff to be punished for the introduction into the record by Pflaum's codefendant of an error in the perpetration of which he did not participate? No attempt was made by the defendant Pflaum to secure a new trial. Pflaum appealed here and did not make the defendant, who committed the error, a party as he might have done, but was not required to do. A motion to dismiss the appeal in this case was made by plaintiff, for the reason that defendant McClain was a necessary party, and was overruled upon the theory that McClain was not an adverse party. Defendant Pflaum, by failure to

move for a new trial in the court below and by failure to appeal here as to McClain, has said in substance that he is satisfied with the trial as to that defendant. We cannot now reverse this case as to Pflaum and place plaintiff *in statu quo* as to McClain, who is out of the case and occupies the same position as if he had never been impleaded.

It would seem probable that the question last discussed would have arisen in the trial of cases involving codefendants asserting different defenses; but neither the industry of the able counsel for the respective parties nor the search made by the writer (and it has not been cursory) has disclosed a case exactly in point. Under the circumstances, we see no reason to deprive plaintiff of the fruits of his judgment, because appellant's codefendant introduced into the record an error for which plaintiff was in no manner responsible, and which appellant did not deem of sufficient importance to justify him in moving for a new trial, or in making him a party to this appeal. It hardly appears probable that the testimony in question actually caused the verdict to have been given for a greater or different sum than was in fact found. If the injury was caused by appellant's negligence at all, the verdict was far from being excessive. The plaintiff claimed damages in the sum of $15,000 and the jury awarded him a verdict of one tenth of that amount.

12. Exception is taken to the alleged refusal of the court to give the following instructions:

"The law does not require supernatural poise or self-control on the part of the driver of a motor vehicle, and if some unforeseen emergency occurs which would naturally overpower the judgment of an ordinarily careful driver, so that momentarily he is not capable of intelligent action, he may not be negligent.

115 Or.—11

"If you find from the evidence that the driver of the wood truck was suddenly confronted with an emergency and acting as his best judgment directed, did veer his car to the left away from the approaching bicycle and come to a stop, that the defendant Pflaum was not guilty of negligence as a matter of law."

It is error to say that these instructions were refused as in fact they were given *verbatim* with the addition, to the first request, of the words: "The question of negligence is still for the jury." And, to the second request, the words: "But the jury must decide as a question of fact whether the driver was or was not negligent." The modifications were not improper.

Other objections are urged in reference to instructions requested, but as far as material all seem to be covered in the instructions actually given.

Much space is used in the very able brief of counsel for appellant in discussing the testimony, but we conclude that there was sufficient testimony to render plaintiff's case invulnerable to a motion for nonsuit and its weight need not be considered here.

It is claimed in appellant's brief that there was an evident conspiracy between plaintiff and defendant McClain to place the blame of the accident wholly on appellant, but we see no evidence in the record supporting this charge. Plaintiff was evidently anxious to secure a verdict against both defendants and each defendant for himself was anxious to escape liability irrespective of its consequences to his codefendant. But there is no evidence of collusion of either party with plaintiff.

The judgment is affirmed.            AFFIRMED.

BEAN, BROWN and BELT, *JJ.*, concur.