Argued June 22; affirmed July 12; rehearing denied
September 14, 1932

# STORLA *v.* SPOKANE, P. & S. TRANSPORTATION CO. ET AL.

(12 P. (2d) 1009)

*Frank S. Senn,* of Portland (Senn & Recken, of Portland, on the brief), for appellant.

*Marvin K. Holland,* of Portland (John L. Storla, of St. Helens, on the brief), for respondent.

KELLY, J. Three errors are assigned. One of them is based upon the action of the court in permitting defendant, Spokane, Portland & Seattle Transportation Company, to introduce in evidence the testimony of one Bernard given in the case wherein John L. Storla, in his individual capacity, was plaintiff and the defendants herein were defendants: (136 Or. 315, 297 P. 367, 298 P. 1065.)

It is urged that a sufficient showing was not made to the effect that Bernard was either deceased or out of the state; and that the testimony was otherwise inadmissible, because the instant case is not between the same parties as the case wherein Bernard testified.

■ We are of the opinion that the record is such that defendant, Flynn, is not justified in urging these objections. It is true that defendant, Flynn, filed a motion for a new trial, but he let the time lapse within which it could be determined by the trial court without presenting the same. He also served a notice of appeal upon his codefendant, but, at the argument in this court, a stipulation between defendants was filed to

the effect that the appeal as to defendant, Spokane, Portland & Seattle Transportation Company, should be dismissed, and, pursuant to such stipulation, an order of dismissal was then entered. In this particular, the doctrine of the case of *Lidfors v. Pflaum,* 115 Or. 142 (205 P. 277, 236 P. 1059), is controlling. In that case, McClain, a codefendant, referred to the insurance company during the trial. The appellant in that case urged this as ground for reversal as to plaintiff; but there, as here, the appealing defendant made no attempt to secure a new trial or a reversal as to the codefendant who had made the offending record. This court then said:

"Defendant Pflaum, [the appealing defendant] by failure to move for a new trial in the court below and by failure to appeal here as to McClain, has said in substance that he is satisfied with the trial as to that defendant. We cannot now reverse this case as to Pflaum and place plaintiff in statu quo as to McClain, who is out of the case and occupies the same position as if he had never been impleaded. * * * Under the circumstances, we see no reason to deprive plaintiff of the fruits of his judgment, because appellant's codefendant introduced into the record an error for which plaintiff was in no manner responsible, and which defendant did not deem of sufficient importance to justify him in moving for a new trial, or in making him a party to this appeal."

It is suggested in the brief of defendant, Flynn, that the testimony of the witness, Bernard, is the only testimony in the entire case which in any way is to the effect that Dr. Flynn was driving at a fast rate of speed. We find, however, that witness Steele, who was the driver of the auto bus of defendant, transportation company, testified that at the time of the accident the bus was going thirty-five miles an hour and that Dr.

Flynn was traveling faster than that. Witness Berg testified that the coupe was going about sixty miles an hour a half a mile from the place of the impact, and that from that time until the crash of the two cars said witness walked a distance, which he afterward ascertained, took him fifteen seconds to walk. The maximum speed under the statute in force at the time of this collision was thirty-five miles per hour: Section 2, sub-div. 16(b), par. 7, chapter 186, Session Laws of 1929, pp. 180, 186.

■ The other errors, which are assigned, refer to a statement made by plaintiff while testifying about an alleged conversation with defendant, Flynn, to certain questions asked plaintiff by his counsel and to a statement of plaintiff's counsel during his final argument to the jury. It is urged that these matters disclose a purpose to inform the jury that defendant, Flynn, was insured.

The objectionable answer given by plaintiff was as follows:

"After I followed him from my office to his office and seated myself, he took both of my hands between his and he said among other things, 'You can sue me but Shears told me to keep my mouth shut.'"

An objection was sustained to this. Plaintiff's attorney then asked him, "Did he ask you to sue him?" To which plaintiff replied, "Yes, he did." Upon defendant's objection and motion, this question and answer were stricken. Then plaintiff's attorney asked, "Did he make any statements that you would be settled with?" This was also stricken. Whereupon, plaintiff's attorney asked, "Did he state whether or not you would be paid?" An objection was sustained thereto.

We think that the learned trial judge committed no error when he overruled the motion of defendant,

Flynn, to discharge the jury because of the statement of plaintiff that defendant, Flynn, had told him that plaintiff could sue him, but Shears had advised Flynn to keep his mouth shut. There is no evidence in the record as to the identity of Mr. Shears. The term, insurance, was not employed in plaintiff's answer.

■ The nature of the statement of plaintiff's attorney in his final argument upon which appealing defendant bases an assignment of error appears in the record in the form of a statement by plaintiff's attorney to the court as to what he had said to the jury. The reporter did not write either of the arguments to the jury. During the closing argument for plaintiff, when appealing defendant's attorney interrupted plaintiff's attorney with an objection, the court asked plaintiff's attorney what he had said. We quote the answer:

"Mr. Holland: During the argument of Mr. Senn, he made the statement that a verdict against Dr. Flynn involves his money—Dr. Flynn's money; that it was an attempt to extract from Dr. Flynn ten thousand dollars; that a verdict against Dr. Flynn would do him a lot of harm; that the ten thousand dollars we are seeking to recover from him represents hard days of toil to Dr. Flynn, and I made the statement that those arguments of counsel are improper and absolutely unwarranted; that there is not one iota of evidence, and that is what the argument should be based upon, indicating that any verdict against Dr. Flynn would cost him that amount or any other amount. As near as I can tell that is the statement I made."

The attorney for appealing defendant then said, "You made the statement it wouldn't cost Dr. Flynn one cent."

The court overruled a motion for mistrial but reprimanded plaintiff's attorney for arguing in the way above indicated.

As to the argument made by plaintiff's attorney in closing the case, the record discloses that the statement to which the attorney for defendant, Flynn, takes exception was made in answer to statements made by the latter to the effect that Dr. Flynn's money was involved; that the money plaintiff sought to recover represented hard days of toil to Dr. Flynn, and that the verdict against Dr. Flynn would do him a lot of harm. In this state of the record, defendant, Flynn, cannot with good grace complain of its impropriety: *Clark-Pratt Cotton Mills Co. v. Bailey,* 201 Ala. 333, (77 So. 995); *Deep Vein Coal Co. v. Ward,* 70 Ind. App. 161 (123 N. E. 228); *Huhn v. Ruprecht,* (Mo.) 2 S. W. (2d) 760; *Patton v. Lund,* 114 Iowa 201 (86 N. W. 296).

We find no reversible error in the record.

■ Plaintiff has filed a motion for an order, upon the affirmance of the judgment herein, assessing a ten per cent penalty against the appealing defendant for damages for the delay in taking an appeal without probable cause. We think that there was probable cause for taking the appeal, while the same was being prosecuted against the defendant, transportation company, as well as against plaintiff. For this reason plaintiff's said motion is overruled.

The judgment of the circuit court is affirmed.

BEAN, C. J., RAND and CAMPBELL, JJ., concur.