**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LESLEE SCALLON, a California resident individually and derivatively on behalf of Henry Enterprises Inc. and JAY GAIRSON, a Washington resident, individually and derivatively on behalf of Henry Enterprises Inc., | No. 15-35952<br><br>D.C. No. 6:14-cv-01990-MC<br><br>MEMORANDUM[*] |
|       Plaintiffs - Appellees, | |
|   v. | |
| SCOTT HENRY'S WINERY CORP.; et al., | |
|       Defendants, | |
| and | |
| HENRY ENTERPRISES, INC., Nominal Defendant, | |
|       Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

Before: LEAVY and FRIEDLAND, Circuit Judges, and BENITEZ, District Judge.[**]

Henry Enterprises, Inc. ("HEI") appeals from the district court's ruling that Or. Rev. Stat. § 60.952(6), a share buyout provision applicable to close corporation disputes, does not apply to derivative shareholder actions, like the one Plaintiffs brought here. Or. Rev. Stat. § 60.952(6) permits a defendant to shortcut litigation by purchasing the plaintiff's shares for fair value. We have jurisdiction under 28 U.S.C. § 1292(b) and review questions of statutory interpretation de novo. To determine whether the statute applies to derivative actions, we examine the statute's text and context and, to the extent it appears useful, the legislative history. *State v. Gaines*, 206 P.3d 1042, 1050 (Or. 2009) (en banc). Applying this methodology, we hold that the buyout provision applies to derivative proceedings and reverse.

First, the plain meaning of the statute's text indicates that the buyout provision applies to derivative actions. The relevant text provides that "the corporation or one or more shareholders may elect" to exercise the buyout option "after the filing of a proceeding under subsection (1)." Or. Rev. Stat. § 60.952(6).

---

[**] The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

A "proceeding under subsection (1)" is a "proceeding by a shareholder" alleging certain types of claims. Or. Rev. Stat. § 60.952(1). A "proceeding by a shareholder" includes both direct and derivative actions. *See In re Conduct of Kinsey*, 660 P.2d 660, 666 (Or. 1983) (per curiam) (explaining that a derivative action is a lawsuit brought by a shareholder to enforce a corporate right); *Lee v. Mitchell*, 953 P.2d 414, 423-24 (Or. Ct. App. 1998) (explaining that a direct shareholder action is a lawsuit brought by a shareholder to enforce rights owed to the plaintiff as an individual). In fact, Oregon law requires the person bringing a derivative proceeding to be a shareholder. Or. Rev. Stat. § 60.261.

Furthermore, the types of claims set forth in subsection (1) include claims traditionally brought derivatively. For instance, the statute applies to proceedings where "[t]he corporate assets are being misapplied or wasted." Or. Rev. Stat. § 60.952(1)(d). Waste or misapplication of corporate assets is a corporate injury. *See, e.g.*, *North v. Union Sav. & Loan Ass'n*, 117 P. 822, 825 (Or. 1911); *Noakes v. Schoenborn*, 841 P.2d 682, 686 (Or. Ct. App. 1992). Because subsection (1) describes claims generally brought derivatively, the statute must apply to derivative proceedings.

Second, Oregon courts applied similar predecessor statutes in derivative actions. *See, e.g.*, *Chiles v. Robertson*, 767 P.2d 903 (Or. Ct. App. 1989); *Serbick v. Timpte-Pac., Inc.*, 746 P.2d 1167 (Or. Ct. App. 1987); *cf. Baker v. Commercial*

3

*Body Builders, Inc.*, 507 P.2d 387 (Or. 1973). Importantly, the Oregon legislature enacted Or. Rev. Stat. § 60.952 to reflect this prior judicial practice. *Hickey v. Hickey*, 344 P.3d 512, 520 (Or. Ct. App. 2015). Therefore, Or. Rev. Stat. § 60.952 should be applied in the same way.

Third, the legislative history supports applying the buyout provision in derivative proceedings. The legislature wanted the provision to be used to end costly litigation early. *See* Tape Recording, Oregon Senate Committee on Business, Labor and Economic Development, SB 116, Jan. 15, 2001, (later incorporated into SB 118), Tape 2, Side A (statement of Robert Art); *see also* Or. Rev. Stat. § 60.952(6) (stating that buyout right must be invoked within 90 days after the filing of a proceeding). A holding that the statute does not apply to derivative proceedings would undermine that statutory purpose.

In conclusion, the text, context, and legislative history of Or. Rev. Stat. § 60.952 demonstrate that the statute applies to derivative proceedings.

**REVERSED.**